## Commonwealth and City of Richmond v. House.

(Decided November 20, 1917.)

### Appeal from Madison Circuit Court.

Municipal Corporations—Building Ordinance—Reasonableness and Uniformity.—An ordinance merely prohibiting any person from erecting, altering or repairing any building in the town, without permission of its board of council, and providing that no permit shall be granted by it until there is filed a written application setting forth the proposed building or alteration, the purpose for which said building is to be used, and the location thereof, is invalid in fixing no standard for determining whether a permit shall be granted and so clothing the board of council with power of arbitrary determination.

H. C. RICE for appellants.

STEPHEN D. PARRISH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

A. J. House was fined in the police court of the city
of Richmond for a violation of an ordinance making it
unlawful to alter any building without a permit from the
board of council. On appeal to the circuit court, the or-
dinance was held invalid and the proceeding dismissed.
The Commonwealth and the city of Richmond appeal.

The ordinance in question, which is section 20 of the
published by-laws and ordinances of the city of Rich-
mond, is as follows:

"(a)   No person or persons, firm or corporations
shall erect any building or construct or materially alter
or repair any building or structure within the corporate
limits of the city of Richmond without a permit from the
Board of Council of said city, and no such permit shall
be granted by the Board of Council of said city until the
party desiring to erect said building or alter or repair
same shall file with the City Clerk at least five days be-
fore the meeting of the council a written application for
such permit, setting forth the proposed building or al-
teration, the purpose for which said building is to be
used and the location thereof. (See Fire District—Streets
and Sidewalks).

"(b)   The permit provided for herein shall be signed
by the Mayor and Clerk of said Board of Council and
in the interval between the meetings of said Board of
Council, the Clerk is hereby authorized to issue and sign
permits to all applications and so direct in writing to
the building committee of the Board of Council.  The
Clerk shall keep a record of all permits issued.

"(c)   Any person violating the ordinance shall be
fined in any sum not exceeding one hundred dollars, and
any building or structure erected or repaired in violation
of this ordinance shall be subject to be removed by order
of said Board of Council."

In the recent case of city of Monticello v. Bates, 169
Ky. 258, 183 S. W. 555, the court announced the rule that
it was essential to the validity of municipal ordinances
placing restrictions upon the lawful use of property that
they specify the rules and conditions to be observed in
such business and admit of the exercise of the privilege
by all citizens alike who comply with such rules and con-
ditions, and that they do not admit of the exercise, or of
an opportunity for the exercise, of any arbitrary discrim-
ination by the municipal authorities between citizens who

comply with such rules and conditions. Here the ordinance is almost identical with that held to be invalid in that case. It gives no effect to the character of the building and prescribes no standard with which the citizens must comply or by which the discretion of a council is to be controlled. On the contrary, it gives to the council the arbitrary power to discriminate between the citizens of the city by granting a permit to one and refusing a permit to another, although the circumstances and conditions may be exactly the same. We, therefore, conclude that the ordinance in question is invalid.

Judgment affirmed.