## Board of Trustees of the Town of Bloomfield, et al. v. Bayne.

(Decided December 9, 1924.)

### Appeal from Nelson Circuit Court.

1. Municipal Corporations—Citizen Held Not Required to Apply for Building Permit Before Attacking Invalid Ordinance.—Board of trustees of a town were not authorized to either grant or refuse a building permit under an invalid building ordinance and it was not necessary for a citizen erecting a building to apply for a permit under such ordinance before attacking its validity by suit to enjoin prosecutions for violations.

2. Municipal Corporations—Ordinance Requiring Building Permit Void, when it Prescribes no Definite Requirement.—City ordinance requiring building permit is void, when it prescribes no standard with which citizens must comply, or by which discretion of those invested with power to grant or refuse permit is to be controlled.

3. Municipal Corporations—Ordinance Requiring Building Permit Held Void as Discriminatory.—Ordinance requiring permit for erection or alteration of building held void as affording opportunity for arbitrary discrimination between citizens because of failure of ordinance to prescribe definite standard to comply with.

MORGAN YEWELL and C. T. ATKINSON for appellants.

FULTON & FULTON and W. F. GRIGSBY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The material portions of ordinance No. 15 enacted by the board of trustees of the town of Bloomfield, a city of the sixth class, are as follows:

"Section 1. It shall be unlawful for any person or corporation to build or have erected, remodeled or repaired or altered, in the town of Bloomfield, the cost of which shall exceed forty dollars, without first obtaining a permit for that purpose as specified in this ordinance, provided that nothing herein shall be construed so as to require permits for repairing houses or buildings by painting or by work which does not affect the exterior walls or materially change the interior portions of the house or building. It shall be unlawful to occupy any portion of the public streets, alleys or sidewalks by any building material without first obtaining a permit for that purpose as hereinafter provided.

"Section 2. Manner of Obtaining a Permit.— Any person desiring to have a house or other building erected in the town of Bloomfield or have one altered, repaired or enlarged, where the cost will exceed forty dollars, shall make a written application for the permit to the chairman of the town board, which application shall set out the exact location where it is proposed to erect the building, the estimated cost of same, the estimated time for completion, the dimensions of the building, the materials to be used in its construction, the thickness of its outer walls and the plan of the building in general terms. If the application is for a permit to alter, enlarge or repair a building, said application shall set forth the character of the proposed alteration or enlargement.

"Section 3. Interrogatories to be Answered.— Before any permit is granted by the board of trustees there must be filed with the applications true and perfect answers to the following interrogatories. (Interrogatories omitted.)

"Section 4. Application to be Filed, When.— Said application must be filed with the chairman of the board of trustees at least twenty-four hours before the meeting of the board at which the application may be granted. It shall be the duty of the

chairman to investigate all the facts and circumstances concerning such proposed building, and make his recommendation to the board of the town, to be satisfied that building will be of suitable strength, and constructed with due provision to guard against the dangers of fire, and that same will not be unsanitary. Or if satisfied that the proposed alteration or enlargement will not dangerously weaken the building or unduly expose it to the risk of fire, or that such construction or alteration will not unduly jeopardize or make insecure or unsafe the property of said town or surrounding or adjacent property contiguous to said proposed building, they shall approve the application and grant the permit.''

Section 6 fixes the penalty for violation of the ordinance at not less than $5.00 nor more than $25.00 in the first place, and $5.00 additional for each day that the offense is thereafter continued.

Ordinance No. 16 fixes the fire zone in the town, and provides that all buildings constructed in the fire zone, intended for use as mercantile buildings, shall be constructed of brick with metal or noncombustible roof, and shall be provided with metal cornice and a fire wall not less than four feet high next any adjoining property.

In August, 1924, J. R. Bayne, a resident of Bloomfield, erected a garage on his premises within the fire zone. On September 24, 1924, a prosecution was instituted against him in the police court for the violation of ordinance No. 15.

Alleging that the ordinance was invalid, that each day that the garage remained on his property was a separate offense, that there was no remedy by appeal, and that the town and its officers would continue to prosecute him for each offense, Bayne brought this suit to enjoin the prosecutions. Defendants' demurrer was overruled, and having declined to plead further, the relief prayed for was granted. The defendants have appealed.

The first point is made that as appellee did not apply for a permit he is not in a position to question the validity of the ordinance. This contention must be rejected for the reason that if the ordinance is invalid the board of trustees was without authority to grant or refuse a permit, and it was not necessary for appellee to

do a vain thing before attacking the ordinance which injuriously affected his rights.

It is the established rule in this state that a city ordinance requiring a permit for the erection or alteration of a building which prescribes no standard with which the citizens must comply, or by which the discretion of those invested with the power to grant or refuse the permit is to be controlled, is arbitrary and invalid. City of Monticello v. Bates, 169 Ky. 258, 183 S. W. 555; Commonwealth, et al. v. House, 177 Ky. 829, 198 S. W. 218. It is conceded that with the omission of section 4 the ordinance in question is substantially the same as those ordinances held invalid in the above cases, but insisted that section 4, considered in connection with ordinance No. 16, supplies the necessary standard and makes the entire ordinance valid. The argument is that a business house in the fire zone must be of brick, but for any other building in the city the citizen may choose his own material; that all that is necessary to entitle one to a permit is that the building be substantial, not liable to catch or spread fire, and that it be sanitary. Whereupon it becomes the duty of the board of trustees to approve the application and grant the permit, if satisfied that the building is sufficiently strong, or not unduly exposed to the risk of fire, or such construction or alteration will not unduly jeopardize or make insecure or unsafe the property of the town, or surrounding or adjacent property contiguous to the proposed building.

It is altogether practicable for a building ordinance designed to protect the public health, or prevent fires, to prescribe a general and uniform rule respecting toilet facilities, and the outside covering of buildings within a certain distance of adjoining property. In such cases the question whether the proposed building complies with the requirements is purely a question of fact, and, if the application be refused, the courts can readily determine whether the applicant is entitled to any relief; but, if the requirements are so vague and indefinite as to make the question of compliance a mere matter of opinion varying with the personnel of those charged with the duty of issuing the permit, it is at once apparent that the ordinance admits of the exercise, or the opportunity for the exercise, of arbitrary discrimination between citizens who comply with its provisions, and is therefore invalid.

The requirements of section 4 are of this character, and the chancellor did not err in holding that they did not have the effect of making the entire ordinance valid.

Judgment affirmed.