INSPECTOR OF BUILDINGS OF WATERTOWN *vs.* ARTHUR T. NELSON.

Middlesex. October 21, 1926. — October 28, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Zoning. Municipal Corporations*, By-laws, Building permit, Officers and agents.

The zoning by-law of a town contained four leading articles entitled, respectively, "Districts," "Use Regulations," "Construction Regulations," and "General Provisions." A second section under the article

"General Provisions" was entitled "Existing Buildings," and in a paragraph "3" contained a provision, "Nothing herein shall require any change in the plans, construction, or intended use of a building for which unexpired approval has heretofore been issued, and the construction of which shall be completed according to such approval within one year from the date when this by-law goes into effect." *Held*, that

(1) While the title to the second section, "Existing Buildings," was to be given weight in construing the paragraph above quoted, it could not control the plain meaning of the words of that paragraph;

(2) It was the purpose of the quoted paragraph to give all parties, who at the time of its adoption had the unexpired approval therein referred to, the right to construct and use a building in accordance with that approval, even though the building was not in existence and its construction had not begun when the by-law went into effect, subject to the condition that its construction must be completed within the time specified in the paragraph.

One month after the building commissioner of a town had granted a landowner a permit for the erection of a store building, the town voted to adopt a zoning by-law which prohibited stores in the district which included the land to which the permit applied, but which contained a provision exempting from its provisions buildings to be erected in accordance with unexpired permits previously issued. Two days after the town's vote, the building commissioner wrote the landowner that work should be suspended until further notice as, if the by-law were approved by the Attorney General, the permit would become invalid, adding, "I am writing you as a precaution, so that you may not be put to needless expense." The next July the landowner received notice that in the opinion of the town counsel his permit was valid. Construction of the building was begun after September 1 and on September 30 the commissioner notified the landowner that as the erection of the store would be a violation of the by-law, the permit was revoked. On October 2 the commissioner began a suit in equity to have the permit declared invalid and to enjoin the erection of the building. The defendant demurred. *Held*, that

(1) It was not necessary for the landowner to proceed by a petition for a writ of certiorari to quash the revocation of his permit before he began the erection of his building;

(2) The plaintiff was the moving party and must rely upon the allegations of his bill to establish the revocation of the permit;

(3) The letter of December 16 was not a revocation of the permit;

(4) The attempted revocation on September 30 being invalid because of the provisions of the by-law itself, the bill was dismissed.

BILL IN EQUITY, filed in the Superior Court on October 2, 1926, to have declared void a permit issued to the defendant for the erection of a certain store building and to enjoin the defendant from erecting the building. Among the allegations of the bill were the allegations that the permit was

issued on November 13, 1925; that the town voted to adopt the zoning by-law described in the opinion on December 14, 1925; that the letter by the plaintiff to the defendant, referred to in the opinion, was dated December 16, 1925; that the action of the voters was sustained by a referendum meeting on January 4, 1926; and that the by-law was approved by the Attorney General, with certain exceptions not material, on January 12, 1926, and notice thereof was duly published.

The defendant demurred. The demurrer was heard by *Callahan,* J., who reserved the suit for determination by this court upon the stipulation stated in the opinion.

*W. H. Hitchcock,* for the defendant.

*R. G. Page & V. C. Brink,* for the plaintiff.

SANDERSON, J. The plaintiff, inspector of buildings for the town of Watertown, brings this bill in equity to restrain the defendant from erecting on his land in that town a building for stores in alleged violation of a zoning by-law, and for a decree declaring null and void a permit issued by the plaintiff for the erection of such store building. The defendant demurred to the bill and the case was reserved and reported by a judge of the Superior Court. If the demurrer is sustained, the bill is to be dismissed, and if it is overruled an injunction is to issue as prayed for.

It appears from the bill, that the town adopted a zoning by-law which became effective February 5, 1926; that the defendant is the owner of a lot of land in a district designated by the by-law for residential purposes; and that stores are not permitted in such districts. Article IV, Section 2, paragraph 3, of this by-law provides: "Nothing herein shall require any change in the plans, construction, or intended use of a building for which unexpired approval has heretofore been issued, and the construction of which shall be completed according to such approval within one year from the date when this by-law goes into effect." Before the adoption of this by-law the defendant received from the plaintiff a permit to erect a block of five stores upon the land above mentioned in accordance with the terms of an application which stated, among other things, the kind of materials of

which the building was to be constructed, its size, the shape of the roof, as well as the intended use of the building. There was no time limit in the permit and the only provision for revocation was in case there should be a violation of its terms. A plan was filed with the application. On December 16, 1925, before any work was done on the building, the plaintiff on advice of the town counsel wrote the defendant that work on stores should be suspended until further notice, as the site was in a proposed residential district under a by-law adopted by the town, and that if the by-law should be approved by the Attorney General the permit would become invalid, and added, "I am writing you as a precaution, so that you may not be put to needless expense." In July, 1926, the respondent received notice that in the opinion of the town counsel the permit for the erection of stores was valid. Nothing was done on the premises under this permit before September 1, 1926, but after that date the defendant moved back a dwelling house on the lot and completed a part of the excavation of the cellar of the proposed building, and work in connection with its foundation was in progress on October 1, 1926, when the plaintiff made oath to the truth of the facts stated in the bill. On September 30, 1926, the plaintiff notified the defendant that, "the erection of said stores being a violation of the Zoning By-Law of the Town of Watertown," the permit was revoked.

The questions to be decided are, whether the adoption of the zoning by-law revoked the permit granted to the defendant, and, if not, whether upon the allegations in the bill the permit must be held to have been legally revoked by the plaintiff.

The first of these questions depends upon the construction of the quoted paragraph of the zoning by-law. It is the contention of the plaintiff that the words used should be construed to apply to existing buildings only, and the defendant contends that they include all unexpired approvals.

The zoning by-law is entitled "Regulations as to use and construction of buildings," and the provisions are classified under four leading articles entitled respectively "Districts," "Use Regulations," "Construction Regulations" and "Gen-

eral Provisions." The paragraph upon which the defendant relies is in the second section of the article last named. This section is entitled "Existing Buildings" and contains four numbered paragraphs: "1" relates to a building or part of a building which at the time of the adoption of the by-law is being put to a use not in conformity to the regulations of the district in which it is situated, and in such case the building or part of a building is permitted to continue to be used for the same or for a purpose not substantially different; and it provides for the structural alteration of "any existing building intended, designed or devoted to such a use." "2" relates in part to buildings and parts of buildings to be erected, and in part to the enlargement or rebuilding of existing buildings, and provides that they shall conform to the construction regulations of the zoning by-law.

While the words "Existing Buildings" in the title to section 2 are to be given weight in construing paragraph 3 of that section, they cannot control the plain meaning of the words of that paragraph. See *Proprietors of Mills* v. *Randolph,* 157 Mass. 345, 350; *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 505; *Shawmut Commercial Paper Co.* v. *Brigham,* 211 Mass. 72, 74. Several times in this section the word "existing" or its equivalent was used when the intention was to refer to a building or part of a building that was in existence at the time of the adoption of the by-law. Paragraph 3 makes no reference to enlarging or rebuilding existing buildings or parts of buildings but in more general terms refers to "the plans, construction, or intended use of a building for which unexpired approval has heretofore been issued." These words naturally mean any building for the construction of which an unexpired permit has been issued. It cannot be said that there is any controlling reason in the general purpose of the by-law for giving to the words in paragraph 3 a meaning other than the natural one. Without any by-law concerning the matter an existing building or structure would not be affected by a zoning by-law. See G. L. c. 40, § 29, as amended by St. 1925, c. 116, § 3. The use of a building or structure at the time a zoning by-law is adopted is protected by the same statute.

If the town had intended to make a distinction between permits relating to an existing building and permits relating to new buildings, it could easily have made that intention clear. The by-law, after making provision in the earlier articles for the use and construction of buildings in the different zones and having provided in the preceding section of the same article that the building inspector should approve no plan for the erection or alteration of any building "plans and specifications and intended use for which are not in all respects in conformity with . . . this by-law," then provides in effect in paragraph 3 that notwithstanding these earlier provisions there need be no change in the plans, construction or intended use of buildings for which an unexpired approval has been given before the adoption of the by-law. The right to continue to use an existing building for a purpose not conforming to the regulations of the district in which it is situated had already been dealt with in paragraph 1 of the same section. It was the apparent purpose and in our opinion the true meaning of Article IV, section 2, paragraph 3 of the zoning by-law to give all parties who at the time of its adoption had the unexpired approval therein referred to, the right to construct and use a building in accordance with that approval, even though the building was not in existence and its construction had not begun when the by-law went into effect, subject of course to the condition that its construction must be completed within the time specified in the by-law.

The decision in Brett v. Building Commissioner of Brookline, 250 Mass. 73, 80, is not inconsistent with the conclusion here reached. An examination of the original papers in that case shows that the zoning by-law in the town of Brookline contained a provision in its terms substantially like those upon which the defendant relies in the case at bar. The permit to the petitioner in the Brookline case was granted after the adoption of the by-law, and at a later date an amendment placing the petitioner's property in a new district was adopted. The amendment contained no clause making an exception in the case of parties having unexpired permits. The court in deciding that the petitioner could not go on under his permit with the erection of a building which would

be in violation of the amended by-law said "There is no exemption in·the by-law as amended respecting the completion of work under permits already issued," thus holding that there was no exemption clause applicable to the plaintiff's case because there was none in the amendment. The opinion did not decide that the exemption clause in the original by-law would be limited in its application to buildings existing when that by-law was adopted.

The plaintiff in the case at bar contends that he has revoked the defendant's permit and that the validity of that revocation can be attacked only by petition for writ of certiorari. But the plaintiff is the moving party and must rely upon the allegations in his bill to establish the revocation of the permit. The demurrer admits that the letter of December 16, 1925, was sent by the plaintiff. But this letter did not purport to be and was not a revocation of the permit. The plaintiff alleged that the permit was revoked on September 30, 1926, and referred to a copy of the revocation annexed to the bill of complaint. This copy purports to be an order of revocation by the plaintiff for the reason, as heretofore stated, that the erection of stores would be in violation of the zoning by-law of Watertown. The question, whether the revocation was valid is open on these allegations in the bill, and we must assume on this record that the only ground for revocation is that stated in the order. This attempted revocation was made after the defendant had acted under the permit. In *Brett* v. *Building Commissioner of Brookline, supra,* page 79, the court, in discussing a permit to build said: "Permits of the nature here in question do not constitute a pure personal privilege. When acted upon by the landowner, they cannot commonly be revoked by the licensing board in the absence of special power to that end or a change in legislation." In *General Baking Co.* v. *Street Commissioners,* 242 Mass. 194, 197, the court said with reference to a permit for the erection of a garage, "It follows that a permit of this nature lawfully granted and acted upon by the landowner cannot be revoked."

Upon the allegations of the bill there has been no valid revocation of the defendant's permit. He has an unexpired

approval of the plan, construction and intended use of the building to be erected on his land, within the meaning of the by-law, and may proceed with the construction of the building in accordance with the terms of the permit.

A decree may be entered sustaining the demurrer and dismissing the bill with costs.

*Ordered accordingly.*