## Darlington v. Board of Councilmen of City of Frankfort et al. (two cases).

May 3, 1940.

William B. Ardery, Judge.

Edward C. O'Rear and William A. Young for appellants.

Charles N. Hobson and Guy H. Briggs for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This litigation involves the validity of the asserted right of the City of Frankfort to prevent the appellant from remodeling, and thereafter utilizing as a florist shop, a one story brick-stucco residence situated on a lot constituting the southwest corner of Second Street and Capitol Avenue. The lot extends 50 feet on Second Street and 139 feet on Capitol Avenue, and the residence which fronts on Second Street is located approximately 6 feet west of the sidewalk on Capitol Avenue

and about 35 feet south of the sidewalk on Second Street. Capitol Avenue, with the exception of a lumber manufacturing plant located at its northern end and a dry cleaning establishment located in a garage some 75 feet north of appellant's property, is exclusively a residential street, but Second Street is not, although on the particular block on which appellant's property is located there are no commercial establishments except a filling station. Capitol Avenue is a two lane concrete boulevard constructed at the expense of the State, and extends a distance of five city blocks from a concrete and steel bridge over the Kentucky River to the State Capitol. The boulevard was constructed in 1937, and in September of that year the City Council of Frankfort enacted an ordinance designed to prohibit the construction, alteration, or use of buildings on Capitol Avenue for business purposes. This ordinance, hereinafter referred to as the Capitol Avenue Ordinance, was clearly invalid, because it did not attempt to establish zones in which such buildings might or might not be constructed, and, by its terms, referred only to buildings and land "on Capitol Avenue from the south end of the bridge to the property line of said Capitol." City of Covington v. Summe & Ratermann Co., 210 Ky. 520, 276 S. W. 534; City of Utica v. Hanna, 202 App. Div. 610, 195 N. Y. S. 225; Miller v. Los Angeles Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A. L. R. 1479; Hecht-Dann Construction v. Burden, 124 Misc. 632, 208 N. Y. S. 299.

On October 9, 1939, appellant applied to the City Council for a permit to remodel her property so as to enable her to use the residence in the conduct of a retail florist business. The original application for the permit was accompanied by plans which disclosed the contemplated use of a large portion of the front yard in the extension of the remodeled structure. The plans also disclosed that the front entrance to the florist shop would be on Second Street and indicated that two large windows were to face Capitol Avenue, which, it is stipulated, the City Council understood would be used for the display of flowers. The application was on a printed form supplied by the City for that purpose and set out all the requirements concerning the character of the structure and the materials to be used. Several of the adjoining property owners signed the application, but several others who had been asked to do so, refused.

At a regular meeting of the City Council on October 23, 1939, the application was referred to the Building Committee, and, at the next regular meeting of the Council on November 13, 1939, was rejected, the Committee having reported unfavorably. Thereupon, appellant revised the plans which had accompanied her first application to the extent of moving the front line of the proposed building so as to make it conform to the front line of the adjoining and nearby buildings on Second Street; but the Council deferred action on the application until its next regular meeting which was scheduled to be held on November 17th. It should here be noted that appellant's application for a building permit was made pursuant to the requirements of a previously enacted building ordinance which was manifestly invalid because it failed to prescribe any standards, reasonable or otherwise, governing the discretion of the Council in granting or refusing a permit, or by which the applicant's right to a permit could be determined, and to some extent made that right dependent upon the consent of neighboring property owners. Boyd v. Board of Councilmen of City of Frankfort, 117 Ky. 199, 77 S. W. 669, 111 Am. St. Rep. 240; Commonwealth v. House, 177 Ky. 829, 198 S. W. 218; Board of Trustees of Town of Bloomfield v. Bayne, 206 Ky. 68, 266 S. W. 885; City of Monticello v. Bates, 169 Ky. 258, 183 S. W. 555; Dallas v. Mitchell, Tex. Civ. App., 245 S. W. 944; People ex rel. Russell v. Andrews, 339 Ill. 157, 171 N. E. 137; Eubank v. City of Richmond, 226 U. S. 137, 33 S. Ct. 76, 57 L. Ed. 156, 42 L. R. A., N. S., 1123, Ann. Cas. 1914B, 192.

Evidently anticipating an attack on the validity of the ordinances above referred to should it refuse to grant the amended application of the appellant, action on which had been referred until the regular meeting of November 17, 1939, the Council, on November 16th, at a special meeting enacted an ordinance amending and re-enacting the Capitol Avenue Ordinance so as to prohibit the use or alteration for commercial purposes of buildings "facing on any street intersecting Capitol Avenue, the side of which abuts on Capitol Avenue," and also prohibiting the erection or display of advertising signs. This ordinance as amended and re-enacted contained the recital that it was in conformity with and under the authorization of Section 2741z-1 to 2741z-10 of the Kentucky Statutes Supplement 1939, Acts of 1938

of the Kentucky Legislature. However, Paragraph 6 of that Act provides:

> "In order to avail itself of the powers conferred by this act, such legislative body shall appoint a commission, to be known as the zoning commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report, and such legislative body shall not hold its public hearings or take action until it has received the final report of such commission. Where a city planning commission already exists, or later is set up, it shall be appointed as the zoning commission."

As heretofore intimated, a zoning ordinance, whatever the source of its authorization, in order to be valid must apply to the city as a whole and not alone to particular streets. Hence, it is obvious that the amended and re-enacted Capitol Avenue Ordinance of November 16, 1939, was totally invalid for any purpose, and could not have operated to prevent the appellant from obtaining a permit.

On November 20, 1939, the appellant instituted an action in equity in the Franklin Circuit Court seeking to enjoin the City and its officers from interfering with the remodeling of her premises or the utilization thereof for the conduct of her business as a retail florist. A temporary restraining order was issued by the Clerk of the Court, and immediately thereafter appellant commenced the work of excavating for the foundation of the proposed remodeled building and continued to work intermittently thereon until November 25th, when she was prevented from proceeding with the work by a restraining order issued by the Clerk in an action instituted in the Franklin Circuit Court against her by the Board of Councilmen of the City of Frankfort. Prior to the service upon her of the restraining order appellant had caused to be excavated in the front yard of the premises a trench some 50 feet in circumference for the purpose of removing a large tree, and had completely destroyed another large tree by grubbing the roots and topping it. During the interim between the date on which she had procured her restraining order against the City and the

date on which she was served with the restraining order issued in the City's action against her, appellant had conducted the business of selling flowers from the premises in question, which she also intended to occupy as a residence, and had placed a sign in front of the property advising the public that she was conducting her business therein. The suit instituted by the City was, in a large measure, predicated upon the terms of two additional ordinances adopted by the Board of Councilmen at a special meeting held on November 24th. The first of these ordinances was a general zoning ordinance providing for the appointment of a commission, the conduct of hearings, and the filing of a final report, and was enacted pursuant to the authority of Section 2741z, Kentucky Statutes, Paragraphs 1 to 10. The second was an emergency ordinance designed to maintain the status quo until the general zoning ordinance could become operative, and provided that for a period of two years from its enactment it should be unlawful to locate, erect, or construct any business house or building intended or designed to be used for business, industrial, or manufacturing purposes, or to alter any building to be so used upon streets determined by certain standards to be residential streets.

The suit instituted by the City was consolidated with the suit theretofore instituted by appellant, and tried on a stipulation of facts after all affirmative allegations by agreement had been controverted of record. The resulting judgment dismissed appellant's petition and enjoined her from proceeding with the construction of the proposed florist shop until a permit had been issued under the terms of the emergency ordinance of November 24, 1939.

We have heretofore discussed the Building Ordinance and the Capitol Avenue Ordinance as originally enacted and as amended, and for the reasons stated concluded that they were invalid, and hence ineffectual to prevent appellant from altering her building, or conducting therein any lawful business she might choose to conduct. The general Zoning Ordinance of November 24, 1939, could have become operative only after the City had been zoned in accordance with its terms and the terms of the Statute. Therefore, the only question which remains to be determined is whether the emer-

784

gency ordinance of November 24, 1939, deprived appellant of the right to alter and utilize her property for the conduct of her business. Counsel for appellant attack the validity of the emergency ordinance on the ground that it is an evasion of Paragraph 6 of Section 2741z, Kentucky Statutes, heretofore quoted, from which alone, appellant's counsel claim, the City derives its power to enact any type of zoning ordinance. Counsel for appellee rely upon the case of Fowler v. Obier, 224 Ky. 742, 7 S. W. (2d) 219, as upholding the validity of the Emergency Ordinance which was patterned after the emergency ordinance upheld in that case. It is unnecessary to decide whether the express power delegated to third class cities by Section 3290-16, enacted in 1893, to make police regulations to secure and protect the general health, comfort, convenience, morals, and safety of the inhabitants is broad enough to have enabled the City of Frankfort to have enacted a general zoning ordinance independently of the express authority conferred by Section 2741z, Kentucky Statutes. It is sufficient to say that having enacted an ordinance pursuant to Section 2741z, Kentucky Statutes, setting up the machinery for the carrying out of the provisions of that Act, the City had ample power to enact the Emergency Ordinance of November 24th. This is the inescapable effect of the decision of this Court in the case of Fowler v. Obier, supra. It follows that the Emergency Ordinance would have precluded appellant from converting her property abutting on Capitol Avenue into a florist shop and conducting her business therein had she not commenced the conversion of her property and the conduct of her business prior to the enactment of either the General Zoning Ordinance or the Emergency Ordinance and thus acquired a vested right protected by the Fourteenth Amendment to the Federal Constitution.

Appellant purchased the property referred to for the purpose of converting it into a florist shop, and, as pointed out, at that time there was no valid restriction against her so doing or requiring her to obtain a building permit. She had the absolute right to proceed without such permit (Board of Trustees of Town of Bloomfield v. Bayne, supra) and was proceeding with the conversion under the protection of a restraining order from the Circuit Court at the time of the enactment of the General Zoning Ordinance and the Emergency Ordi-

nance. If she had not thus acquired a vested right to proceed, it is difficult to conceive how such a right could be acquired. Surely it could not be seriously contended that if appellant had completed the alteration of her premises and opened her florist shop, she could have been compelled to demolish her building or discontinue her business. If so, constitutional safeguards of property rights are meaningless. Obviously, it is not the amount of money expended which determines the vesting of the right, since one property owner might be required to expend more in the preliminary steps of altering his property for the conduct of a particular business than his neighbor would be compelled to expend in completing the alteration of his property for a different type of business. On the other hand, the mere ownership of property which could be utilized for the conduct of a lawful business does not constitute a right to so utilize it (Cayce v. City of Hopkinsville, 217 Ky. 135, 289 S. W. 223) which cannot be terminated by the enactment of a valid zoning ordinance, as such a concept involves an irreconcilable contradiction of terms. It would seem, therefore, that the right to utilize one's property for the conduct of a lawful business not inimicable to the health, safety, or morals of the community, becomes entitled to constitutional protection against otherwise valid legislative restrictions as to locality, or, in other words, becomes "vested" within the full meaning of that term, when, prior to the enactment of such restrictions, the owner has in good faith substantially entered upon the performance of the series of acts necessary to the accomplishment of the end intended.

It is true that the prohibitions in the State and Federal Constitutions against the enactment of ex post facto laws have been construed to apply only to the enactment of statutes inflicting penalties for the commission of acts, theretofore lawful, and that there is no express inhibition in either constitution against the enactment of retrospective legislation not involving the creation of new crimes and penalties or impairing the obligations of contracts. But it has been uniformly held that the "due process" clause of the Fourteenth Amendment to the Federal Constitution protects vested rights from encroachment by the States, and that the Fifth Amendment protects such rights from destruction by the Federal Government itself. American Jurispru-

dence, Volume 11, Sections 368, 369, Constitutional Law; 16 Corpus Juris Secumdum, Constitutional Law, Section 216; State Highway Commission v. Mitchell, 241 Ky. 553, 44 S. W. (2d) 533; Eubank v. City of Richmond, 226 U. S. 137, 33 S. Ct. 76, 57 L. Ed. 156, 42 L. R. A., N. S., 1123, Ann. Cas. 1914B, 192. Application of the Constitutional principles above discussed to the protection of vested rights similar to those acquired by appellant and involved in this case will be found in Pelham View Apartments v. Switzer, 130 Misc. 545, 224 N. Y. S. 56; Brown v. Grant, Tex. Civ. App., 2 S. W. (2d) 285; Lindemann v. City of Kenosha, 206 Wis. 364, 240 N. W. 373; Watertown Building Inspector v. Nelson, 257 Mass. 346, 153 N. E. 798; City of Coldwater v. Williams Oil Co., 288 Mich. 140, 284 N. W. 675; Sheldrake v. Township of Upper Darby, 28 Del. Co. R., Pa., 46; Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810.

Having concluded that appellant's right to convert her premises into a florist shop had vested prior to the enactment of the ordinances of November 24, 1939, and that the ordinances enacted prior thereto were ineffective to prevent appellant from utilizing her property for any lawful purpose she saw fit, we have no alternative but to reverse the judgment appealed from with directions to dismiss appellee's petition and grant appellant the relief sought in the action instituted by her.

Judgment reversed.

Whole Court sitting, except Judge Thomas.