**Joseph STETTER et al., Appellants,**

v.

**CITY OF ERLANGER, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 21, 1972.

John J. O'Hara, Douglas M. Stephens, O'Hara, Ruberg & Cetrulo, Covington, for appellants.

Harry L. Riggs, Jr., Riggs & Riggs, Erlanger, for appellee.

GARDNER, Commissioner.

The Kenton Circuit Court decided that the City of Erlanger's failure to zone a certain territory annexed by the city was excusable and the city's refusal to grant the Liberty Construction Corporation a permit to construct and operate a mobile home park in the territory was legal.

Joseph and Helen Stetter were the owners of 55 acres of land which were annexed by the city in the spring of 1965. Litigation arose between the City of Erlanger and the City of Elsmere as to which had the prior right to annex the subject property. The question was resolved in favor of Erlanger by judgment of the Kenton Circuit Court entered March 3, 1967. About that time (the record does not show the exact date) Erlanger, apparently in doubt about the validity of the annexation proceedings of 1965, began other proceedings by Ordinance No. 1310 to annex the

territory and to zone it as residential. Appellants' complaint as amended questioned the validity of the annexation of 1965 and sought and obtained a restraining order preventing the city from proceeding further under Ordinance No. 1310. By subsequent stipulation of the parties, however, it was agreed that the territory was legally annexed in 1965 and the attempted annexation under Ordinance No. 1310 was redundant and the proceedings had been abandoned. The recitation of the various dates and proceedings is for the purpose of determining if the city was justified in not taking immediate steps to zone the territory.

On January 1, 1967, the Stetters agreed to sell the property to Liberty Construction Corporation. That was a modification of the original contract of December 16, 1964. On January 25, 1967, Liberty, believing the annexation was invalid, filed application with the Kenton County Board of Adjustment for a permit to develop and operate a mobile home park in the territory. Action on the application was held in abeyance until it was determined whether the annexation by Erlanger was valid. On May 9, 1967, Liberty made a similar application to Erlanger for permission to develop and operate a mobile home park in the area. The application was denied. Liberty contends that the city acted arbitrarily, capriciously and illegally in not granting the permit. All plats, plans and drawings as required by the city were submitted with the application. At the time of the application the existing zoning ordinance permitted the establishment and operation of mobile home parks in a Business C zone of the city, but the territory in question had not been zoned.

Appellants concede that the city had the authority to zone the territory but contend it should have been done expeditiously, and if delay was necessary, then some reasonable temporary standard should have been prescribed. The position of the city, adhered to by the trial court, is that because of extensive litigation it had no opportunity to zone the annexed area. We cannot accept this conclusion. The annexation was completed in the spring of 1965. The suit between Erlanger and Elsmere understandably created uncertainty as to whether the annexation ordinance was valid, yet Erlanger had moved positively by its annexation proceedings. It had pre-empted jurisdiction of the Kenton County Board of Adjustment, with whom appellants had made application for a permit. It was imperative that the city take steps within a reasonable time either to grant or refuse the application by legal means. If the city did not think it advisable to embark upon a full-blown zoning project pending the litigation, it could have set up some reasonable temporary or stopgap zoning ordinance. Fowler v. Obier, 224 Ky. 742, 7 S.W.2d 219 (1928); Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A.L.R. 1479 (1925). The city contends it had a stopgap ordinance by Section XIII–D of the City Building Code which provides:

"It shall be unlawful for any person, firm or corporation to commence or proceed with any operation included under or regulated by the provisions of the ordinance without first obtaining a permit from the City Building Inspector and paying the required fee for same."

It is noted that the building code leaves the question of whether a permit should be granted or not entirely within the discretion of the city inspector without any guidelines or standards. Such has been condemned by Bowman v. Board of Councilmen, 303 Ky. 1, 196 S.W.2d 730 (1946), wherein it is written:

"It has long been the rule in this jurisdiction that an ordinance requiring a building permit which prescribes no standards with which the owner must comply, or by which the discretion of the body which grants or refuses the permit is controlled, is arbitrary and invalid. City of Monticello v. Bates, 169 Ky. 258, 183 S.W. 555; Board of Trustees of Town of Bloomfield v. Bayne, 206 Ky. 68, 266

S.W. 885; Darlington v. Board of Councilmen of City of Frankfort, 282 Ky. 778, 140 S.W.2d 392; Town of Jamestown v. Allen, 284 Ky. 347, 144 S.W.2d 807."

A brief resume points up appellants' predicament. On January 1, 1967, the Stetters agreed to sell and Liberty agreed to buy the 55 acres in question. This was a modification of their original contract of December 16, 1964. While the controversy continued between Erlanger and Elsmere as to which had the right to annex the territory, Liberty applied to the Kenton County Board of Adjustment, for a permit to construct and operate a mobile home park. The Kenton County Board of Adjustment tabled the application. Upon the court's determining that Erlanger had the right to annex the territory, Liberty applied to the city for a permit. The city refused the request, relying for its authority on the building ordinance which, as noted, had no standards or guidelines. Appellants then looked to the court for relief.

Erlanger relies heavily on Louisville & Jefferson County P. & Z. Com'n v. Fortner, Ky., 243 S.W.2d 492 (1951), and Hawkins v. Louisville & Jefferson County Planning and Zoning Commission, Ky., 266 S.W.2d 314. The distinguishing factors in these cases, however, leave the cases impotent as authority in the instant case. In the Fortner case the landowner sought court action to require Louisville and Jefferson County Planning and Zoning Commission to rezone the territory. An amended complaint was tendered setting forth allegations that while the suit was pending the City of Louisville had annexed the territory. The lower court refused to permit the filing of the amended complaint. On appeal we held that the amended complaint should have been filed, and since the City of Louisville had annexed the territory the commission no longer had jurisdiction, thereby causing the question of whether the commission wrongfully refused to change the zoning classification to be moot. Hawkins stands for the proposition that a

city ordinance may legally provide that annexed territory shall come into the city with the same zoning classification that it possessed under the regulations of the county planning and zoning commission. In the instant case Erlanger had no such ordinance.

It is our opinion the city was without legal authority to deny the application. The fact that the city was in extensive litigation should not have prevented it from formulating as a stopgap measure reasonable standards for determining the use of the territory in question.

The judgment is reversed and the case remanded with directions that the circuit court direct the City of Erlanger to issue a permit authorizing Liberty Construction Corporation to construct and operate a mobile home park.

All concur.