**CITY OF PADUCAH, Appellant,**

v.

**James C. JOHNSON, Appellee.**

Court of Appeals of Kentucky.

April 25, 1975.

Samuel S. Boaz, W. David Denton, Corp. Counsel, Paducah, for appellant.

Ernest W. Rivers, Melton & Rivers, Paducah, for appellee.

GARDNER, Commissioner.

Appellee operated a junk yard prior to the lot's being annexed by the City of Paducah and prior to the enactment of a zoning ordinance, which had the effect of making appellee's junk yard a nonconform-

ing use. Subsequently the city enacted an ordinance which provided:

"Section 40.023 Amortization of Nonconforming Junk Yards

The nonconforming use of junk yards shall be discontinued within two (2) years from the effective date hereof."

By summary judgment the trial court declared the amortization ordinance invalid as conflicting with KRS 100.253(1) and enjoined the enforcement of the ordinance.

The decision of the landmark case of Darlington v. Board of Councilmen, 282 Ky. 778, 140 S.W.2d 392 (1940), recognized that one had the right to utilize one's property to conduct an established business not inimical to the health, safety or morals of the community, although a subsequent zoning ordinance excluded such business. The question now before us is whether a city may require the cessation of the business by a certain date.

City refers to some jurisdictions which sanction the amortization of nonconforming uses and submits that the current weight of authority favors the amortization concept. We find there is respectable authority supporting the city's view, just as there is respectable authority representing the contrary view. We have been referred to no case, however, wherein this court has expressly adopted the view that nonconforming uses may be amortized. It might be said that in Gates v. Jarvis, Cornette & Payton, Ky., 465 S.W.2d 278 (1971), the court gave tacit approval of the concept, but the court did not pass on the validity of the amortization ordinance, rather it decided that the ordinance was not intended to apply to nonconforming trailer parks.

Be that as it may, we believe KRS 100.253 is controlling when it provides:

"(1) The lawful use of a building or premises, existing at the time of the adoption of any zoning regulations affecting it may be continued, although such use does not conform to the provisions of such regulations, except as otherwise provided herein.

"(2) The board of adjustments shall not allow the enlargement or extension of a nonconforming use beyond the scope and area of its operation at the time the regulation which makes its use nonconforming was adopted. Nor shall the board permit a change from one (1) nonconforming use to another unless the new nonconforming use is in the same or a more restrictive classification."

■■ The statute clearly states that a nonconforming use may continue subject to the exceptions stated in KRS 100.253(2). There has been no attempt made to bring this case within any exception referred to in KRS 100.253(1). Nor is there any showing that the statute is invalid. Since we interpret the statute favorably to appellant, it is unnecessary to discuss the question of whether an amortization ordinance may be constitutional.

The court is of the opinion that the ordinance is in conflict with KRS 100.253(1), and is therefore invalid.

The judgment is affirmed.

All concur.