Joe Greene CONLEY, Deborah J. Conley, C. Barr Schuler, and Joan Schuler, Appellants,

v.

CITY OF ANCHORAGE, Neil D. MacDonald, Jane E. MacDonald, Newman T. Guthrie, Ellen V. Guthrie, L.W. Cloud, Lillian H. Cloud, and Owl Creek Country Club, Appellees.

LOUISVILLE AND JEFFERSON COUNTY PLANNING COMMISSION, and Jefferson County, Kentucky, Appellants,

v.

CITY OF ANCHORAGE, Neil D. MacDonald, Jane E. MacDonald, Newman T. Guthrie, Ellen V. Guthrie, L.W. Cloud, Lillian H. Cloud, and Owl Creek Country Club, Appellees.

Nos. 89–CA–1517–MR, 89–CA–1518–MR.

Court of Appeals of Kentucky.

Sept. 14, 1990.

Rehearing Denied Nov. 30, 1990.

Discretionary Review Denied by Supreme Court April 30, 1991.

Alex F. Talbott, Walter J. Swyers, Jr., Louisville, for appellants Joe Greene and Deborah Conley and Barr and Joan Schuler.

Frank W. Burke, Jr., Louisville, for appellants Louisville and Jefferson County Planning Com'n and Jefferson County, Ky.

John G. Carroll, Greenebaum, Boone, Treitz, Maggiolo & Brown, John T. McGarvey, Morgan & Pottinger, Louisville, for appellees.

Before HOWERTON, C.J., and HOWARD and MILLER, JJ.

HOWERTON, Chief Judge.

The Louisville and Jefferson County Planning Commission; Joe Greene Conley and his wife, Deborah J. Conley; and C. Barr Schuler and his wife, Joan Brown Schuler, appeal in two separate actions from the judgment of the Jefferson Circuit Court which remanded two subdivision approvals to the Louisville and Jefferson County Planning Commission. The court directed the Commission to consider the Conley and Schuler subdivision plans under the revised zoning regulations adopted by the City of Anchorage after the Conley and Schuler plans were approved. The central issue argued by the Commission is that the trial court erred by requiring the use of the revised zoning regulation. We agree and reverse.

Conley and Schuler also argue that established law requires the trial court's approval of the Commission's action, that the trial court effectively rewrote the complaint in order to invalidate the approval of the Conley subdivision, and that no legitimate showing of being aggrieved by alleged violations was demonstrated by the

complaining parties. We have considered these arguments, but in light of our reversal, we will not comment on them.

The Conley subdivision has 23 acres divided into 19 lots. The Schuler subdivision has 20 acres divided into 14 lots, but one lot consists of 9½ acres surrounding the Schuler's historic residence. Both tracts were zoned R–E Residential under the zoning regulations. Both subdivision plans were formally filed with the Commission on June 3, 1988. The Conleys filed a plan for a standard subdivision, while the Schulers' plan was for an innovative subdivision. The Conleys' plan was amended to an innovative subdivision plan, but was later changed back to a standard plan at the Commission's direction. A public hearing on both plans was held on July 21. On the same day, the Commission also held a hearing on changes in the R–E zoning regulations. The changes included substantial changes in lot size requirements.

The Conleys twice revised their plan, and it was finally approved by the Land Development and Transportation Committee of the Commission on September 8, 1988. The Schulers' plan was revised twice and finally approved by the Commission on September 15, 1988.

On October 6, 1988, the Commission recommended approval of the amended R–E zoning regulations. The city council conducted the required two readings, and the regulations were adopted by the City of Anchorage on November 28, 1988.

The city and others appealed the Commission's approval of the two subdivision plans to the circuit court. Limited discovery was conducted, and cross-motions for summary judgment were filed. The court concluded, "the Planning Commission erred when it considered the Conley and Schuler plans under the then existing R–E zoning regulations. This Court further concludes that the defendants-appellees did not acquire a vested right to develop their lands under the then existing R–E zoning regulation."

The Conleys and Schulers have appealed in 89–CA–1517–MR and the Louisville and Jefferson County Planning Commission has appealed in 89–CA–1518–MR. The two appeals are being considered together.

The Planning Commission argues that the trial court erred in reversing the approval of the subdivision plans and in remanding the case to the Commission for its consideration under the revised zoning regulation. We agree and reverse the trial court. The trial court relied upon *Petty v. Barrentine*, Ky.App., 594 S.W.2d 903 (1980), in determining that the subdivision developers could not acquire vested rights under the existing R–E zoning regulations. The court seems to base its conclusions on the fact that amending the R–E zoning regulation was a matter of public interest and that the developers knew the proposed changes were being actively considered.

While the trial court may have used good reasoning, we believe the reliance on *Petty* is misplaced. In *Petty*, the fiscal court had approved the zoning change from residential to commercial. A complaint was filed in circuit court, but no notice was served on the owners of the property until they had in "good faith" spent over $50,000 in developing a food mart. We concluded that the owners had a vested right to operate the store.

The Planning Commission contends that *Darlington v. Board of Councilmen of City of Frankfort*, 282 Ky. 778, 140 S.W.2d 392 (1940), is dispositive of this case. In *Darlington*, a permit to remodel a residence for use as a florist shop was sought and finally rejected on November 13. On November 16, the city enacted an invalid amended ordinance in an attempt to prevent an attack on the denial. On November 20, an action was filed, a restraining order was obtained against the city, and work began on the foundation of the proposed remodeling project. On November 24, the city adopted two ordinances; one was a general zoning ordinance, the other was an emergency ordinance designed to maintain the status quo until the general zoning ordinance could become operative. The court concluded:

> [T]he right to utilize one's property for the conduct of a lawful business ... becomes entitled to constitutional protec-

tion against otherwise valid legislative restrictions as to locality, or, in other words becomes "vested" within the full meaning of that term, when, prior to the enactment of such restrictions, the owner has in good faith substantially entered upon the performance of the series of acts necessary to accomplishment of the end intended.

The Commission further supports its contention by citing 101A C.J.S. *Zoning and Land Planning* § 105 (1979), which reads, "as a general rule, a zoning ordinance or regulation is operative from its effective date, and only from that date. No effect can be given to restrictive provisions of a zoning ordinance which municipal officials contemplate enacting at some time in the future." The city contends 101A C.J.S. *Zoning and Land Planning* § 199 (1979), is on point when it states:

> As a general rule, unless a property owner has acquired a vested right to use his property in the manner in question, his property is not exempt from the operation of subsequent regulations and ordinances with respect to permits properly enacted by a municipal corporation in the exercise of its police power.

The difficulty with the city's position arises because the revised ordinance was adopted after the subdivisions were approved.

It is clear that the subdivisions were approved under the regulations in effect at the time of their approval. It was not the responsibility of the Commission to delay the approval and second guess whether the City Council of Anchorage would enact the proposed revised ordinances. The Commission acted upon the subdivision plans based on the regulations in effect and controlling. We believe that no effect could be given by the Commission to proposed revisions of a zoning ordinance which officials contemplated enacting at a future date. "[T]he approval of subdivision plats is a *ministerial* act." (Emphasis in original.) *Snyder v. Owensboro*, Ky., 528 S.W.2d 663, 664 (1975). We find no error as a matter of law in the actions of the Commission.

We have reviewed the Conley and Schuler arguments and the motion to strike the reply brief. We do not believe it is necessary to address these arguments in light of the reasons for our reversal of the trial court's remand to the Commission. Furthermore, it appears that their basic request of this Court has been met by this opinion.

The Jefferson Circuit Court's reversal and remand to the Louisville and Jefferson County Planning Commission is reversed with directions that the Planning Commission's approval of the subdivisions be reinstated.

All concur.