# · WILLIAMS, et, Appellees, v. VILLAGE OF DEER PARK, `Appellant.

Ohio Appeals, First District, Hamilton County

No. 6680—Decided May, 1946.

Burke & Cooney, Cincinnati, for Appellees.
J. Louis Warm, Cincinnati, for Appellant.

## OPINION

By ROSS, J.

This is an appeal upon questions of law from a decree of the Court of Common Pleas of Hamilton County, granting an injunction, whereby the defendant was enjoined from interfering with plaintiffs in completing the construction of a certain building in conformity with a permit issued by the Hamilton County Building Inspector.

A petition, amended answer, and reply were filed. The defendant made a motion for judgment on the pleadings before any evidence was introduced by either party. On this motion of the defendant, the trial court rendered final judgment for the plaintiff. It is stated in such judgment that the cause came on to be heard upon the **motion of the defendant** for judgment on the pleadings. It is further stated that the Court

found that the parties were in agreement upon the essential facts. As will later appear, such is not the case. The Court then states: "The court finds on the issues joined for the **plaintiffs**, and the **plaintiffs** are entitled to the relief prayed for." (Emphasis added.) The court then proceeded to enter judgment enjoining the **defendant** from interfering with the plaintiffs.

The plaintiffs had filed no motion for judgment on the pleadings, and there is no recital in the judgment entry that the defendant did not desire to plead further. In view of the issuable facts existing in the pleadings, the plaintiffs would not have been entitled to such judgment, even if they had filed such a motion. It cannot be considered that the defendant by filing such motion automatically caused a similar motion for judgment on the pleadings to be considered by the court in favor of the plaintiffs.

The court upon the state of the pleadings, upon defendant's motion for judgment had only two courses open to it. To overrule the defendant's motion or grant it. Certainly, there was no power in the court to render judgment for the **plaintiffs** upon **defendant's** motion for judgment upon the pleadings, in the absence of a statement by defendant that it did not desire to plead further.

The judgment of the court is prejudicially erroneous as against the defendant and must be vacated. A question, however, remains:—Was the defendant entitled to judgment on the pleadings? This question is now considered.

The effect of the motion of the defendant is to admit the well-pleaded facts in the petition and reply, and such facts are entitled to the most favorable construction in favor of the plaintiffs. The plaintiffs also are entitled to the advantage of any well-pleaded facts alleged in the answer, which may aid them and which are not denied by the plaintiffs.

Where, however, the plaintiffs have denied facts alleged in the answer, it would be permitting an inconsistent position to allow the plaintiffs to claim any advantage from such controverted facts. Certainly, the plaintiffs may not deny such facts and still assert they are true. Such allegations involve issuable facts, issues which must be presented to the trier of the facts. 31 O. Jur. p. 876, et seq.

So viewing the pleadings, it appears that the plaintiffs in their petition allege that they in September, 1945, purchased a certain parcel of ground in Concord Park, Subdivision, for the purpose of constructing thereon a building to be used for business purposes, that they employed an archi-

tect, who prepared plans and specifications for such build-
ing, and plaintiffs entered into a contract with a builder
for the erection of such building, and that the basement of
such building has been excavated and the footings com-
pleted, that other materials have been ordered and that de-
livery thereof must be immediately accepted by plaintiffs or
their commitments for the same will be lost.

It is further alleged in the petition, that prior to January
25, 1946, such parcel of ground, so purchased by plaintiffs,
was not located within the corporate limits of any village or
city; that on said day an area including such parcel of
ground was annexed to the Village of Deer Park, the defen-
dant in this case, and that upon the same day the defendant
adopted a "Stop Gap" zoning ordinance, restricting the con-
struction of buildings on the lands so annexed (including the
plaintiffs' property) "to residential property."

Plaintiffs further state that on January 21st, 1946, prior
to such annexation of such area and the adoption of such
zoning ordinance, the plaintiffs filed with the Hamilton
County Building Inspector an application for a permit to con-
struct a building on said premises in accordance with the
plans and specifications so prepared by their architect and
submitted such plans and specifications with their applica-
tion for permit and that on January 24, 1946, such building
inspector issued to the plaintiffs a permit, authorizing the
construction on such parcel of ground of a building, to be
two stories high, containing storerooms on the first floor,
and two apartments on the second floor, and on January
25th, 1946, the marshal of the village, acting under such
"Stop Gap" ordinance ordered the plaintiffs to cease further
construction of such building and threatened arrest if plain-
tiffs failed to comply with such order. The defendant filed an
amended answer containing many allegations all of which are
denied by plaintiffs in their reply except that the allegation in
the answer that the plaintiffs did not apply to the defendant
or its building inspector for a permit to erect any structure
upon plaintiffs' property.

The contention of the plaintiffs is that by virtue of the
permit issued to them by the buiding inspector of the county,
who had jurisdiction of the premises prior to the annexation
by defendant, they acquired a vested right to proceed with
the construction of the building, even though in violation of
a "Stop Gap" zoning ordinance of the Village later adopted,
on the day the annexation was perfected, it not appearing or
being alleged that such building would interfere with or be
detrimental to the health, morals, or safety of any person.

The position of the defendant is that after annexation the permit issued by the County Inspector had no effect whatever and that it became incumbent upon plaintiffs to request a permit from the village and it being admitted they did not do so, their prayer for injunction should be refused.

The plaintiffs admit that the construction of the building contemplated by plaintiffs would be in violation of the "Stop Gap" ordinance **"adopted"** by the village on the date of annexation of the area here involved. And it is further admitted by plaintiffs that no permit to erect any kind of structure was requested of the village authorities, but it is not admitted by plaintiffs that any ordinance of the village required such permit or now requires such permit.

The defendant has alleged the terms of such an ordinance in its amended answer and the necessity for a permit, but such allegations are denied in the reply, and, hence, the terms of such ordinance, and the fact that a permit is required, may not be considered in favor of the defendant upon its motion for judgment on the pleadings, thus involving issuable facts. **Central Community Chatauqua System v Rentschler, et al., 31 Oh Ap 525.**

The net result of all this is, that the plaintiffs, acting under a permit from the County Building Inspector, are trying to construct a building which by a "Stop Gap" ordinance of the village, adopted upon the date of annexation, is forbidden to be constructed in the zone in which the plaintiffs' property is located. What a "Stop Gap" ordinance is does not appear from the admitted fact. The plaintiffs have admitted the existence of such an ordinance forbidding the erection of the type of building contemplated. While the question of permit from the village is not an issue, since there is no allegation, this Court may consider, in view of the denial by plaintiffs, that a permit is required, it may be presumed that the village would not issue a permit in violation of the terms of such "Stop Gap" ordinance. What then is the effect of the mere allegation of the existence of such an ordinance upon the rights of the plaintiffs under their permit issued by the county authorities the day before annexation?

The plaintiffs seek to enjoin the enforcement of this ordinance by the village. The day before this ordinance was adopted the plaintiffs were proceeding lawfully. If the mere existence of such an ordinance is effective to make such procedure unlawful, then they are not entitled to an injunction, and the motion of the defendant should have been granted.

A question almost identical in principle with that here

involved was considered by the Court of Appeals of the 8th District in the case of **Cahn v Guion, Commr. of Bldgs., 27 Oh Ap 141,** decided May 20, 1927; Judge Vickery writing the opinion, concurred in by Judge Sullivan; Judge Levine dissenting. In that case, a permit granted by the City of Cleveland was later revoked under the provisions of a "Stop Gap" ordinance. The case is similar to that here considered, in that the permit was obtained just before the dead line when the "Stop Gap" ordinance became effective. It also resembles this case in many other respects. The majority of the Court held that a permit issued by the building inspector, after a "Stop Gap" ordinance was adopted but before it became effective, could be revoked, and the ordinance restricting building of stores enforced. The reasoning of Judge Vickery at pages 145 and 146 of the opinion is directly pertinent, and all the contentions of the plaintiffs in this action are considered and answered adversely to him. In an exhaustive note in 86 A. L. R., at p. 685, et seq., in which Cahn v Guion is noted, a number of cases are cited bearing upon the instant question.

It appears from these cases that the extent of operation and commitment **under** and **after** the issued permit has a direct bearing upon the right to enforce the new restrictive ordinance.

It is not alleged by plaintiffs that they incurred expense **after** they received the permit from the county, nor can any justifiable inference be drawn to such effect from the allegations. As the plaintiffs deny the terms of the "Stop Gap" ordinance alleged in the answer, this Court does not have such terms of the ordinance before it. As before stated, it may be considered as forbidding the erection of the type structure proposed by plaintiffs—they having so pleaded.

In **State, ex rel. v Arnold, 138 Oh St. 259,** decided May 21st, 1941, the Supreme Court in the first paragraph of the syllabus held:

"A municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application for such permit."

It is apparent there that the municipality endeavored to advance the effect of a pending permanent ordinance. Just

what the "Stop Gap" ordinance here involved was, or what it attempted to do cannot be considered. All that is known by the motion for judgment is that it was "adopted" and prohibited the structure of which complaint is made. That it was legally passed and was an effective law is not denied by plaintiffs. Again referring to plaintiffs' admission, it was "adopted" and may be considered to be effective on the day of annexation. Had this matter been presented upon a stipulation of facts, this Court could definitely pass upon a number of questions that are suggested, but may now only be reached by the employment of conjecture and speculation.

It may be considered, however, that the plaintiffs are attempting to erect a structure which is definitely prohibited by an ordinance of the village "adopted" the day the village acquired jurisdiction over the property of the plaintiffs by the perfection and completion of annexation proceedings. It may, therefore, be considered that the Court has before it the question of whether the plaintiffs may place reliance upon their permit received from the County Building Inspector as giving them a status which cannot be affected by a valid village ordinance.

It may be considered also from the factual allegations under consideration that the annexation of the area involved and the adoption of the ordinance were simultaneous, and that such ordinance became effective at once under the provision of §4227-3, GC, and was adopted as provided in §4224, GC.

In **State, ex rel. Bolce, v Hauser, etc., 111 Oh St. 402,** the Court there considered the **right** of a municipality to exempt from the operation of a zoning ordinance those who had applied for or received permits under previous regulation. At **page 408** of the opinion, it is stated:

"The principal question presented is whether the city council at the time of the passage of the zoning ordinance had the power to make a classification which would exempt those who had applied for or secured permits prior to or at the time of its adoption. If there be a real basis for such classification, and if the same be not unwarranted, or arbitrary, the city council undoubtedly could recognize such class and exempt it from the operation of the zoning ordinance."

If the Supreme Court considered such a question, it seems

it must have done so upon a predicate that the zoning ordinance, without the exception, would have destroyed the effect of the previously granted permits. It seems, therefore, even clearer that the municipality has power to ignore a permit, which is granted by authority of the County before annexation.

Sec. 3574, GC, relied upon by the plaintiffs, has no application to the instant matter, in that such section applies to annexation of property in one corporation to another corporation.

The applicable section is §3564, GC, which provides:

"When the annexation of such described territory has been completed, it shall be deemed a part of the municipal corporation, and the inhabitants residing on the territory shall have all the rights and privileges of the inhabitants residing within the original limits of the corporation."

The question of the incurring of expense or proceeding to complete a structure under and after a permit is not involved. No such allegation appears to be made by plaintiffs. The fact is the permit was granted on January 24, 1946, and on January 25, the annexation became effective and the ordinance is admitted by the petition to be then operative.

In view of the statutory provisions and necessary requirements as to publicity, the plaintiffs had due notice of the possibility at least of advance legislative requirements as to zoning. Although this would not have affected their legal right to a permit under applicable regulation, it may be taken into consideration in their appeal to a court of chancery to grant them relief.

It is to be noted further that the statute under which the plaintiffs applied to the County for a permit (§2480, GC) effective September 5, 1941; applies only to "residential buildings", and that the plaintiffs in their petition state "that the purpose of said purchase was to construct thereon a building for business purposes." While it is also stated in the petition that only the lower floor is to be used for non-residential purposes, it is also apparent that the provision of the ordinance, as alleged in the petition restricts "the construction of buildings on the lands annexed including the above described property to residential property."

It is also apparent from a reading of §2480, GC, that only building regulations as applied to health and safety are therein considered, and such section of the statutes has no application or reference to zoning provisions. It would appear, therefore, that the plaintiffs acquired no vested rights under such a permit and that their property became amenable to a zoning ordinance which came into existence concurrently with the annexation of plaintiffs' property, and it not appearing that plaintiffs would suffer any great injury by enforcing such ordinance, or that they had incurred any expense by virtue of and after the issuing of the permit from the County and had, under statutory requirements, due notice of the imminence of annexation, that such permit constitutes no bar to enforcing the ordinance of the village.

The motion of the defendant for judgment on the pleadings should have been granted, and this Court orders the judgment entered in this Court which the trial court should have entered in favor of the defendant.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.