## LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING COMMISSION v. FORTNER.

Court of Appeals of Kentucky.
Nov. 2, 1951.

Lawrence G. Duncan, Sam B. Kirby, Jr., Louisville, for appellants.

Lawrence S. Grauman, Louisville, for appellee.

CULLEN, Commissioner.

This is an appeal by the Louisville and Jefferson County Planning and Zoning Commission from a judgment directing the commission to enter an order changing the zoning classification of a certain lot owned by A. B. Fortner, Jr., from B–1, Family Residence, to D–1, Commercial.

In April 1950, Fortner made application to the Louisville and Jefferson County Planning and Zoning Commission for a change in the zoning classification of his lot, which at that time was located in un-incorporated territory in Jefferson County. The commission denied the application, and Fortner appealed to the Jefferson Circuit Court, pursuant to KRS 100.057. The petition of appeal was filed in July 1950. The commission filed a general demurrer, a motion to strike part of the petition of appeal, and an answer. The demurrer and motion to strike were over-ruled, and the case was set for trial on February 6, 1951. On that day the commission tendered an amended answer, alleging that since the filing of the petition of appeal the lot in question had been annexed to the City of Louisville, that the board of aldermen of the city has exclusive jurisdiction regarding zoning within the city limits, and that by reason thereof the case is moot as to the commission. The circuit court would not permit the amended answer to be filed. Evidence then was taken and judgment was entered directing that the lot be rezoned.

On the appeal to this Court the first contention of the commission is that the trial court erred in not permitting the amended answer to be filed. It is obvious that if this contention is upheld, the judgment must be reversed, and we will not reach the question as to whether the circuit court properly found that the action of the commission in refusing to rezone the lot was arbitrary and unreasonable.

Under the statutes relating to planning and zoning in Louisville and Jefferson County, KRS 100.031 to 100.098, the joint city-county planning and zoning commission has authority to recommend a zoning plan and restrictions for the incorporated and unincorporated areas of the entire county, KRS 100.044. This plan is not effective in the city until adopted by the board of aldermen, and is not effective in the county until adopted by the fiscal court, KRS 100.066, 100.048, 100.049. After the plan has been adopted, the board of aldermen and the fiscal court may delegate full authority to the planning and zoning commission to approve adjustments in the plan, or may retain the authority to approve adjustments recommended by the commission. KRS 100.066, 100.052 to 100.057. However, until the plan recommended by the commission is adopted by the board of aldermen, it does not become effective in the city, and the board retains the exclusive power to adopt zoning regulations and to make adjustments therein, KRS 100.078, 100.035. Likewise, the plan

does not become effective in the county until approved by the fiscal court, KRS 100.078, 100.035.

In the case before us, the petition of appeal to the circuit court alleged specifically that the planning and zoning commission is authorized and empowered to make adjustments in the zoning plan for the *unincorporated* territory of Jefferson County, from which allegation it may be assumed that the fiscal court has approved the plan and has delegated full authority to the commission to approve adjustments in the plan. However, in the amended answer tendered by the commission, it is alleged that the board of aldermen of Louisville exclusively zones areas within the city and that the commission has no control of zoning in the city, from which we may assume that the board of aldermen has not approved the zoning plan and has retained full authority over zoning in the city.

If, as appears to be the case, the zoning plan recommended by the planning and zoning commission is effective only in the unincorporated territory outside of Louisville, and the authority of the commission to approve adjustments applies only to such unincorporated territory, then it must follow that any such territory, upon being annexed by the city, goes into the city with the status of unzoned property, regardless of what zoning status it occupied before annexation. After annexation, whether the property will be zoned for residential use or for commercial use will depend upon the action of the board of aldermen, subject to the ordinary rules as to nonconforming uses.

The appellee contends that the jurisdiction of the circuit court had attached at the time the annexation took place, and that the court cannot be deprived of jurisdiction by the action of the city in annexing the property. This seems to be on the theory that the court, on appeal from the planning and zoning commission, acts as an independent zoning authority. We do not so construe the statutes. Under KRS 100.057 and 100.058, the procedure for judicial review of the action of the planning and zoning commission is denominated an appeal, and the question before the court is whether the action of the commission is to be affirmed or reversed.

It is our opinion that the facts alleged in the amended answer are sufficient, if uncontroverted, to require the dismissal of the action as moot, and therefore the trial court erred in not permitting the answer to be filed.

We recognize that the ultimate object of the planning and zoning statute, as to Louisville and Jefferson County, is that there be placed in operation a comprehensive, coordinated plan applicable to the entire county, embracing both unincorporated and incorporated territory. However, until the City of Louisville chooses to approve the plan, the object cannot be accomplished.

The judgment is reversed, with directions to permit the amended answer to be filed, and for proceedings thereafter in conformity with this opinion.