**HAWKINS et ux.**

v.

**LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING COMMIS-SION et al.**

Court of Appeals of Kentucky.

Feb. 5, 1954.

Rehearing Denied April 23, 1954.

Samuel Steinfeld, Steinfeld & Steinfeld, Louisville, for appellants.

Fred W. Langolf, Gilbert Burnett, Frank W. Burke, James L. Taylor, Louisville, for appellees.

CULLEN, Commissioner.

Thomas W. Hawkins and wife appeal from a judgment dismissing their petition in an action in which they sought to be relieved of certain zoning regulations which prohibited the use of their land for a "trailer park".

At the time the action was commenced, the Hawkins' property was located outside the city limits of Louisville, in Jefferson County. The Louisville and Jefferson County Planning and Zoning Commission, which has jurisdiction over the unincorporated areas of Jefferson County, but which, because the City of Louisville has not elected to operate under the statute, KRS 100.031 to 100.098, does not have jurisdiction within the city, had zoned the territory in which the Hawkins land was located as a one-family residential zone. The Hawkins attempted to use their land for a trailer park, and were warned by the zoning authorities to discontinue the use. The Hawkins then applied to the planning and zoning commission for a "Special Use Permit," which was denied. The Hawkins then brought an action against the planning and zoning commission, in which they appealed from the order denying the permit and also sought an injunction and a declaration of rights.

While the action was pending, the Hawkins' land was annexed to the City of Louisville. They then applied to the city building inspector for a permit to build a trailer park, which was denied. Thereupon the Hawkins joined the building inspector as a party defendant. The building inspector, together with the mayor and the director of works of Louisville (who were parties by virtue of ex officio membership on the county planning and zoning commission), filed an answer asserting that the action had become moot by reason of the annexation proceeding. The Hawkins moved to strike the answer, which motion was overruled, and upon the Hawkins' declining to plead further their action was dismissed.

■ It was brought out in the pleadings that Louisville has an ordinance which provides, in effect, that upon the annexation of any property by the city such property comes into the city with the same zoning classification that it possessed under the zoning regulations of the Louisville and Jefferson County Planning and Zoning Commission, and it retains such classification until reclassified by the board of aldermen in accordance with the city zoning ordinances. This ordinance was not referred to in the record in the case of Louisville & Jefferson County Planning & Zoning Commission v. Fortner, Ky., 243 S.W. 2d 492, in which we made the statement that unincorporated territory in Jefferson County, upon annexation by the City of Louisville, "goes into the city with the status of unzoned property, regardless of what zoning status it occupied before annexation." 243 S.W.2d 494. This statement was gratuitous, being unnecessary to the decision in the Fortner case, and if the ordinance above referred to is valid, the statement of course was incorrect. What we should have said is that the zoning status of annexed property depends upon what the city ordinances provide.

The Hawkins argue that the ordinance is invalid, as a result of which their property did come into the city as unzoned property, and therefore the city building inspector had no right to deny them a building permit. Three alleged grounds of invalidity are asserted.

It is first asserted that the ordinance is invalid because of ambiguity. This argument is so completely without merit as not to warrant discussion.

■ Next, it is contended that the ordinance is not general, but applies only to particular areas, and therefore is invalid under the decision in Darlington v. Board of Councilmen of City of Frankfort, 282 Ky. 778, 140 S.W.2d 392. We do not consider the situation here to be comparable to that in the Darlington case. Louisville has a general zoning ordinance, covering the entire city, and the separate ordinance dealing with annexed property merely implements the general ordinance. This is clearly distinguishable from the circumstances

in the Darlington case, where the City of Frankfort had attempted to do piecemeal zoning without having a comprehensive ordinance for the entire city.

 The third alleged ground of invalidity is that the ordinance represents an improper delegation of authority by the city to the county planning and zoning commission. It is argued that the city has in effect authorized the county commission to zone city property. We are unable to agree with this. The cases relied upon in support of the argument deal with situations where a city legislative body attempted to delegate legislative authority to an administrative officer, which situation does not exist here. As we view it, the ordinance merely recognizes a status that has been acquired by property, and provides that the status shall be "frozen" pending appropriate action by the board of aldermen. Whether the status was acquired by virtue of the action of some other governmental authority, or merely by virtue of circumstance, would seem to be immaterial. The situation here is comparable to that where a state enacts a law that is to operate reciprocally with similar laws of other states. Concerning such a law, it was said in Clay v. Dixie Fire Ins. Co., 168 Ky. 315, 181 S.W. 1123, 1125:

"It is clear from the foregoing authorities that the Legislature may enact a law to take effect when certain conditions arise. By the act in question the Legislature itself says that, when certain conditions exist, the law shall be so and so. A foreign state may create the conditions, but it has no voice in determining what our law shall be. Our own Legislature prescribes the conditions. It alone says when the law shall apply. If the conditions never arise the act is quiescent. When they do arise it immediately becomes effective, not by virtue of the voice of the foreign Legislature, but by virtue alone of the legislative will of this commonwealth. In the enactment of such a law there is no surrender of the legislative function. * * *"

It may be considered that the action of the county planning and zoning commission merely created a condition, concerning which the city ordinance declared what the law should be. In our opinion the ordinance represents a sensible and reasonable approach to a practical problem, and we find it to be valid.

The Hawkins maintain that if the ordinance is held valid, then it must be construed as adopting not only the zoning classification existing at the time of annexation, but also any proceedings pending before the county zoning authorities at the time of annexation. The argument is that, since the county zoning authorities had refused to change the zoning classification and to grant a special use permit, the case must be considered the same as if the city zoning authorities had made such refusal, and the case therefore should proceed in the circuit court as an appeal from, and suit for injunction against, the city zoning authorities.

 We do not construe the city ordinance as adopting any procedural status that may exist at the time of annexation. The ordinance says only that the annexed territory "shall remain in the land use classification applicable thereto" under the regulations of the county planning and zoning commission. There is nothing about the ordinance to make inapplicable our holding in the Fortner case, 243 S.W.2d 492, which was in effect that any questions of zoning must be taken up with the city zoning authorities following annexation.

We think the lower court properly dismissed the action.

The judgment is affirmed.