Jean **FARLEY** et al., Appellants,

v.

Paul E. **DeMUTH** et al., Appellees.

Court of Appeals of Kentucky.

Nov. 19, 1965.

Rehearing Denied March 18, 1966.

Albert F. Reutlinger, Louisville, for appellants.

Cecil Davenport, E. C. Hume, Jr., Louisville, for appellees.

WADDILL, Commissioner.

The issue on this appeal is whether the trial court correctly declared invalid an ordinance of the City of Devondale zoning a tract known as the Nachand tract which is located in the eastern portion of Jefferson County. The trial court held that the zoning of this property constituted spot zoning and concluded that the ordinance was invalid since it was an arbitrary and unreasonable classification of the property on the part of the Board of Trustees of the City of Devondale.

Prior to 1961 the Nachand tract, consisting of approximately 28 acres, had been zoned for residential use by the Louisville and Jefferson County Planning and Zoning Commission. During 1962 this tract was annexed by Devondale and shortly thereafter this city enacted the ordinance in question zoning 8½ acres of the Nachand tract for commercial use and the remainder of the property for single family residential use.

When the Nachand tract was annexed by Devondale its status became that of unzoned property. Louisville & Jefferson County Planning and Zoning Commission v. Fortner, Ky., 243 S.W.2d 492; also see Hawkins v. Louisville & Jefferson County Planning and Zoning Commission, Ky., 266 S.W.2d 314. We are informed by briefs that the portion of the property zoned commercial will be used for the establishment of a shopping center, with a service station to be located at the intersection of Lyndon Lane and Westport Road which highways carry a heavy volume of traffic. There are no other shopping areas near Devondale and there is evidence to the effect that this zoning will be beneficial to the community as a whole. Since the Nachand tract was unzoned property and since

the zoning had a justifiable basis the holding in Fritts v. City of Ashland, Ky., 348 S.W.2d 712, is not applicable.

Under the circumstances shown we conclude that this zoning was not spot zoning and the ordinance was neither arbitrary nor unreasonable.

The judgment is reversed with directions to enter a new one upholding the ordinance.