[No. 48147–4.   En Banc.   August 5, 1982.]

OLYMPIC VIEW–MUKILTEO ACTION GROUP, ET AL,
*Appellants,* v. THE CITY OF MUKILTEO,
ET AL, *Respondents.*

*Roger M. Leed,* for appellants.

*Buck & Gordon, P.S.,* by *Peter L. Buck,* for respondent Mountain Pacific Development Co.

*George A. Kresovich* and *Charles B. Wright* on behalf of Walcker Homes, Inc., A.A.D. Investments Company, Ltd., and Henrikson–Wilson Co., amici curiae for respondents.

STAFFORD, J.—We are asked to decide whether the City of Mukilteo's issuance of a building permit for a condominium project on land recently annexed by the City violated the land use laws of the City and State. We hold the build-

ing permit was properly issued and affirm the trial court.

Respondent Mountain Pacific Development Company acquired a 4.9–acre tract of land which, at the time of acquisition, was part of Snohomish County and was zoned for multifamily development (zoning classification MR). In 1978, Mountain Pacific applied to Snohomish County for a building permit to build a 97–unit multifamily condominium development. It also published an environmental impact statement. On January 9, 1979, the County issued a letter stating the permit would be granted, conditioned upon Mountain Pacific making certain improvements, including off–site improvements. The permit was never formally issued by the County.

In the meantime, respondent City of Mukilteo made plans to annex a portion of Snohomish County which included the proposed condominium site. On May 5, 1980, the City Council initiated the annexation process by enacting resolution 80–2 which provided that the question of annexation would be brought to a vote of the residents of Mukilteo on November 4. The resolution further provided that the land to be annexed would initially retain its classification under the Snohomish County Zoning Code and ordered the City Planning Commission to adopt a final zoning plan for the annexed area within six months of annexation.

Annexation was approved by a majority of the voters. On November 21, 1980, the City Council passed ordinance 346, which officially accepted the proposed annexation. This ordinance contained the following paragraph:

> Section 4. That the area being annexed shall retain its existing zoning as it now exists under the present Snohomish County Comprehensive Plan and zoning ordinances. The Planning Commission is directed to draft and implement its own comprehensive plan and zoning code amendment within six (6) months from the date of annexation. The Planning Commission is further directed to hold public hearings and adopt the aforementioned Snohomish County Zoning Code and Comprehensive Plan as an interim comprehensive plan and zoning code

within thirty (30) days of the date of this ordinance.

Ordinance 346(a) set November 26, 1980, as the effective date of annexation.

On December 9, 1980, the City Planning Commission held a public hearing on the proposed interim zoning and comprehensive plan for the annexed area. Notice of the hearing was published in the Everett Herald on November 27. On December 15, pursuant to the Commission's recommendation, the City enacted ordinances 348 and 349, which adopted by reference the Snohomish County comprehensive plan and zoning designations as the interim comprehensive plan for the annexed land.

In January of 1981, Mountain Pacific applied to the City of Mukilteo for a building permit for a 97–unit condominium project on the annexed land. In processing the permit, the City applied the newly adopted Snohomish County zoning regulations and in May issued a building permit authorizing construction of the condominium project pursuant to Snohomish County Zoning Classification MR.

On May 29, appellants, Olympic View–Mukilteo Action Group as well as nearby property owners, filed suit against the City and Mountain Pacific seeking an injunction barring construction on the site. At trial appellants prevailed, and on July 14 the court entered a restraining order barring any further construction activities at the site. Essentially, the trial court found that in processing the condominium project permit, the City had violated the State Environmental Policy Act of 1971 (SEPA). See WAC 197–10–480 and 197–10–660. The court ordered the City to hold a hearing as required by WAC 197–10–660(3).

Subsequently, the City conducted the hearing and readopted its decision that SEPA had been complied with. Mountain Pacific thereafter successfully sought an order from the trial court vacating the restraining order. In addition, the court upheld the City's issuance of the building permit. We granted direct review to provide a prompt resolution of the issues.

Appellants contend the building permit issued by the City was invalid because the permit conflicted with applicable City zoning laws. They assert that at the time of annexation, the City failed to provide any zoning for the annexed area. Appellants assert that section 4 of ordinance 346 directing the Planning Commission to adopt an interim plan within 30 days of annexation indicates an intent by the City not to have the Planning Commission adopt any portion of the County Code until the Commission had an opportunity to hold public hearings. Moreover, appellants argue that, upon becoming a part of the City, the County zoning ordinances ceased to apply and the annexed land must therefore be treated as unzoned. As such, it is said, the annexed tract is governed by section 17.03.040 of the Mukilteo Zoning Code, which provides that all sections annexed to the City, "which are not specifically included in a district" are to be classified as single–family districts (zoning classification RD 12.5) "until otherwise classified."

■ This contention is not sustainable. The land in question was, in fact, zoned upon annexation. Simultaneous with the act of annexation, the City directed by ordinance that the annexed land would continue to be governed by the Snohomish County zoning provisions. This inclusion of zoning regulations in the annexation ordinances was permissible as long as the ordinances were properly adopted. *See generally Beshore v. Bel Air*, 237 Md. 398, 206 A.2d 678 (1965); *Hawkins v. Louisville & Jefferson Cy. Planning & Zoning Comm'n*, 266 S.W.2d 314, 41 A.L.R.2d 1459 (Ky. 1954); *Westwood Dev. Co. v. Abilene*, 273 S.W.2d 652 (Tex. Civ. App. 1954); *Williams v. Deer Park*, 78 Ohio App. 231, 69 N.E.2d 536 (1946). There is no question that the adoption of these ordinances was proper.

■ Appellants next claim that ordinances 348 and 349, establishing an interim comprehensive plan and zoning code for the annexed land, are invalid. We do not agree. First, ordinances 348 and 349 specifically retained Snohomish County zoning ordinances for the annexed land. The ordinances merely amended the City's zoning code. The

action did not constitute a rezone. Thus, all that was required of the City was a public hearing preceded by a public notice thereof. RCW 35A.63.080; Mukilteo Zoning Code 17.14.030(2)(d) and (g). Notice of the hearing was published in the Everett Herald and the public hearing was held December 9, 1980. Second, the City had the power to adopt by reference portions of the Snohomish County Zoning Code. RCW 35A.12.140. Finally, copies of the Snohomish County Zoning Code were kept on file in the city clerk's office.

In sum, the interim zoning ordinances were properly enacted. We affirm the trial court's decision upholding the City's issuance of the building permit.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.