Robert Bernard **HIGDON** et al., Appellants,

v.

**CAMPBELL COUNTY FISCAL COURT**
et al., Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1964.

Bertelsman & Bertelsman (Odis W. Bertelsman, Wm. O. Bertelsman), Newport, for appellants.

Charles J. Schear, Newport, for appellees.

DAVIS, Commissioner.

Robert Bernard Higdon and wife appeal the judgment of the Campbell Circuit Court which affirmed action of the Newport-Campbell County Planning and Zoning Commission. They complain that they have been denied their request to establish a "trailer park," pursuant to action taken by the zoning board.

Appellants raise the following points as bases for their appeal: (1) The Newport-Campbell County Planning and Zoning Commission was never legally formulated, so that any purported action by it is a nullity; (2) conceding, for sake of argument, that the zoning board had legal status, this action was prosecuted under a temporary ordinance, which expired by its terms during the pendency of the case, thereby making the case moot.

We shall discuss the second point, as we deem it to be dispositive of the case. Pursuant to KRS 100.320, which became effective June 19, 1958, cities of the second class and counties containing such cities were empowered to establish a planning commission for the city and county area. By certain actions, which the appellants challenge as imperfectly done, the second class City of Newport and the Campbell County Fiscal Court undertook to establish such a planning commission. A group styled Newport-Campbell County Planning and Zoning Commission has been acting as a zoning and planning commission since September, 1958.

Appellants have owned the property which they seek to use as a trailer park since 1955. No trailer park was undertaken there by them until March, 1962. On April 3, 1961, the Campbell Fiscal Court adopted what is designated as "interim" ordinance, which, by its own terms, was to expire twelve months after passage. The purpose of the ordinance was to halt or freeze any material development, other than residential, until such time as a master plan for zoning could be established. The interim ordinance required the filing of applications by citizens seeking usage of property other than residential.

On February 26, 1962, and while the interim ordinance was in effect, the attorney for appellants filed a letter requesting permission to use their property as a trailer park. This request was denied March 7, 1962, after a hearing of protesting citizens and appellants. Despite this denial, appellants proceeded with certain extensive "bulldozing" work at an expense of some $3,000.00, and erected a sign at the property entrance proclaiming it as "Higdon's Mobile Village."

Meanwhile, progress in completion of the final general zoning work had not been completed. The Campbell Fiscal Court passed a resolution March 7, 1962, undertaking to "extend" the effective application of the interim ordinance for ninety days past its expiration date of April 2, 1962. We need not decide whether this extension of the effective date of the ordinance was proper, since at any event it must have ultimately expired on July 2, 1962, the last day of the ninety day extension. It was during this "extension" period of the interim ordinance that the instant litigation was begun.

On June 15, 1962, appellees filed suit seeking, *inter alia,* to enjoin the Higdon's from using their property as a trailer park.

Before the expiration of the twenty days allowed for answer under CR 12.01, the interim ordinance expired on July 2, 1962. It was not until August 6, 1962, slightly more than one month after the interim ordinance's last possible effective date, that the Master Plan and permanent zoning ordinance was enacted.

■ Appellants contend that the expiration of the "interim" ordinance created a situation in which no law prohibited their trailer park activities. On this basis they assert that the case became moot. We agree. In 62 C.J.S. Municipal Corporations § 438c, p. 839, it is said:

"Where a suit is founded on an ordinance and, before it has been concluded, the ordinance is repealed by statute or ordinance which contains no clause saving rights accruing under the repealed ordinance, the suit must stop where the repeal finds it."

Reason impels the conclusion that expiration is equivalent to repeal. " * * * Where an act expires by its own limitations, the effect is the same as though it had been repealed at that time." 50 Am. Jur., Statutes, § 515, p. 525. The same principle applies to municipal ordinances. Cf. City of Owensboro v. Board of Trustees, 301 Ky. 113, 190 S.W.2d 1005.

■ What we have said makes it unnecessary to decide whether the zoning board was properly organized. However, it should be pointed out that there was no effort at any sort of zoning regulation prior to the "interim" ordinance except certain "Subdivision Regulations." These regulations were adopted September 4, 1959. Appellees contend that inasmuch as the subdivision regulations were in force during all of the pertinent period, the failure of appellants to comply with those regulations is fatal to appellants' case. We cannot agree. There was never any effort nor application by appellants to have a "subdivision" within the purview of that term as contained in the regulations. Section 2(g) of the subdivision regulations defined a subdivision as:

"The division of a tract or parcel of land into two (2) or more lots, plots or other divisions of land, for the purpose, whether immediate or future, of transfer of ownership or building development * * *"

It is apparent that the use as a trailer park does not fall within the scope of that definition; there is no evidence to indicate a purpose of ownership transfer or building development. Rather, every reference to appellants' activities, including the request of appellants for a permit, is in connection with a trailer court. Such activity is defined by KRS 219.120(4) as follows:

" 'Trailer coach park' or 'Park' means an area of land upon which two or more occupied trailer coaches are harbored, either free of charge or for revenue purposes, and shall include any building, structure, tent, vehicle, or enclosure used or intended for use as a part of the equipment of such trailer coach park; * * *."

The judgment is reversed with directions to enter judgment consistent with this opinion.