**GREATER CINCINNATI MARINE SERVICE, INC., Movant,**

v.

**CITY OF LUDLOW; Board of Adjustments of Ludlow; City Coordinator of Ludlow; and Elijah Bowling, Respondents.**

Supreme Court of Kentucky.

June 24, 1980.

T. J. Brandt, David Schneider, Ziegler & Schneider, Covington, for movant.

John R. Elfers, Joseph A. Boone, Covington, for respondents.

STEPHENS, Justice.

The central issue in this case is whether the trial court correctly determined that erection of certain improvements on a tract of land was within the parameters of a nonconforming use permit.

In early 1971, the movant, Greater Cincinnati Marine Service, Inc., (hereinafter referred to as Marine), purchased land on the bank of the Ohio River in Ludlow. In March of 1971, Ludlow adopted its present zoning ordinance and soon after Marine was granted a certificate of occupancy for a lawful nonconforming use of the property. The certificate was for "dumping dirt for land fill for ramp." A permit to construct a dock in the river was issued to Marine by the U.S. Corps of Engineers in April of 1972. The filling of the land was completed in September of 1972, and a dock was constructed in 1975.

In the summer of 1976, respondent Elijah Bowling, the Ludlow Zoning Administrator, inspected the property and advised Marine to apply to the Board of Adjustments for a conditional use permit. Marine so applied, and, after a hearing, was denied the permit. Marine then sued the Board of Adjustments, the City of Ludlow, and the zoning administrator. The complaint was treated by the circuit court as both an appeal from the decision of the Board of Adjustments and a declaratory judgment to determine Marine's rights to utilize the property. Following an extensive hearing before the master commissioner, the trial court ruled in favor of Marine.

An appeal was taken to the Court of Appeals, which reversed the trial court. This decision was premised on a belief that Marine's complaint was "primarily" an appeal of the Board of Adjustments' action, coupled with the fact that Marine had not joined the local planning commission as a defendant. Citing KRS 100.347(2) and *Board of Adjustments of City of Richmond v. Flood*, Ky., 581 S.W.2d 1 (1979), the court said: "We believe the omission (to join the planning commission) is fatal to the appellee's position on appeal." We granted discretionary review.

Marine argues that (1) the complaint filed was not solely an appeal of the action of the Board of Adjustments; (2) the Court of Appeals erred when it overruled the trial court's finding of fact that Marine's use of the land was a lawful nonconforming use; (3) the City of Ludlow, through its enforcement officials, is estopped from enforcing its regulations, and, finally; (4) the provisions of KRS 182.020 permit the construction of a dock, local zoning regulations to the contrary notwithstanding. Because we agree that Marine's pleading was more than an appeal, and because we believe the Court of Appeals erred when it substituted its judgment for that of the trial court in determining the lawfulness of the nonconforming use, we need not discuss Marine's final two contentions.

It is clear that if the complaint filed by Marine is simply an appeal from the decision of the Board of Adjustments, the failure to join the planning commission is fatal. KRS 100.347(2); *Board of Adjustments of City of Richmond v. Flood, supra*. The complaint is nearly eleven pages long and is styled "Appeal from Action of the Board of Adjustments of Ludlow and Complaint." It contains ten different counts, the first of which alleges error in the action of the Board of Adjustments. The remaining nine counts allege various violations of state zoning law and the federal constitution, challenge the establishment and actions of the Board, attack the legality of the local zoning ordinance, and question the

jurisdictional limits of the city. In the prayer, relief on appeal is specifically requested, but a declaration of rights on the other nine counts is also sought.

It is clear that the complaint, judged by its content, is far more than an appeal under the aegis of KRS 100.347(2). It includes a petition for a declaration of rights, setting out numerous grounds for relief. Therefore, the requirement that the planning commission be joined as a party is applicable only to the part of the complaint which sought review of the decision of the Board of Adjustments. We believe the Court of Appeals was in error in holding *Flood, supra,* dispositive of this case.

In its opinion, the Court of Appeals went on to say that the trial court erred in ruling that the dock constructed by Marine was within the scope of the nonconforming use. By its action, the Court of Appeals substituted its judgment for that of the trial judge, and the master commissioner.

It is an elementary principle of law that findings of fact of a trial court will not be disturbed by an appellate court unless clearly erroneous. CR 52.01; *Thomas v. Lyons,* Ky., 586 S.W.2d 711 (1979). The findings of a master commissioner, to the extent they are adopted by the trial judge, are given the same weight. CR 52.01; *Warner v. Sanders,* Ky., 455 S.W.2d 552 (1970).

The trial court specifically adopted, *in toto,* the report of its master commissioner. The primary thrust of that report is that the structures erected by Marine on its property, under authority of the terms of the nonconforming use permit, were lawful and proper. We will not burden this opinion with an extensive review of the record. Suffice it to say that the evidence presented included the history of the use of the land for nearly forty years. Since 1955, the property has been used for mooring, docking, and loading barges, and as a fueling station for towboats. Prior to the granting of the nonconforming use permit, Marine's representative explained to Ludlow's zoning administrator all future plans for construc-

tion and use of the land. The permit for construction of the dock, obtained from the Corps of Engineers, was sought on the advice of this same official. Based on this evidence, the master commissioner concluded: "That both the building permit for the ramp . . . and the Non-conforming Use Certificate . . . are valid, and that both the landfill and the ramp conform to the said permit and certificate." We believe there is more than sufficient evidence to sustain this finding.

The structures placed on the property and the use of the property do not, as a matter of fact, violate the validly issued and existing nonconforming use permit, and the non-conforming use has not been enlarged.

The decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed.

All concur.