Charles T. WEAVER & Geraldine Weaver, his wife, Kentucky River Development Corporation, and C.T. & G., Inc.

v.

ANDERSON COUNTY FISCAL COURT, James Catlett, Stewart Gritton, Schelma Meriwether, Ron Madden, Ralph Dennis, John W. Conway, Clinton Sea, Thomas Searcy, Anderson County Planning and Zoning Commission, Anderson County Board of Adjustments, James R. Smith, Norma Dennis, Andrew Bird, Richard Pohlman, and Charles Williams.

Civ. A. No. 85–102.

United States District Court, E.D. Kentucky, Frankfort Division.

Dec. 17, 1986.

Steven G. Bolton, Frankfort, Ky., for plaintiffs.

Dale Wright, Anderson Co. Atty., Lawrenceburg, Ky., Athur D. Kelly, Springfield, Ky., Alex F. Talbott, Louisville, Ky., for defendants.

## OPINION

BERTELSMAN, District Judge:

This 42 U.S.C. § 1983 action, arising out of a zoning dispute, requires an analysis of

the applicability of the rule of *University of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) to decisions of zoning Boards of Adjustments operating under Kentucky law.

## FACTS

Plaintiffs are owners of a tract of land located in both Anderson and Franklin Counties, Kentucky. They had planned to develop this land into a mobile home park and an adjoining sales lot. Plaintiffs moved ahead with their plans and obtained a permit from the state Health Department, which has jurisdiction over mobile home parks. At this time there was no zoning ordinance in effect in Anderson County. By March 1985, substantial expenditures had been made or obligations incurred by plaintiffs in planning the project and securing this permit.

The application to the state was for a mobile home park of 340 lots and a permit was issued for that number in March 1985 in accordance with a surveyed plat submitted with the application. Construction was begun in April 1985, and proceeded without interruption until plaintiffs' financing was jeopardized by efforts of the zoning authorities to stop it. The amount expended or incurred by plaintiffs in furtherance of their project is disputed, but defendants admit to at least $40,000 to date. Actually, the amount is probably well in excess of that sum. Roads and a sewer plant have been constructed and sewer lines laid.

In any event, construction of plaintiffs' project was well under way when Anderson County adopted a zoning ordinance effective September 1, 1985. Shortly thereafter, defendant Searcy, the zoning enforcement official, issued a cease and desist order against plaintiffs prohibiting any further construction on the basis that the use of the land for a mobile home park was in violation of the zoning ordinance, which zoned the land for agricultural uses.

In response to the cease and desist order, plaintiffs filed this action and secured a preliminary injunction from this court enjoining defendants from interfering with plaintiffs' construction pending the court's reaching the merits of the action, which would require a determination of whether plaintiffs had a vested right under Kentucky law to complete their project. The court advised all parties, however, that it would be appropriate for the Anderson County Board of Adjustments to hold a hearing and make findings on this issue, the federal action having been filed prior to any hearing before the Board of Adjustments. *See* KRS Chapter 100.

Subsequently, a trial-type hearing was held in two sessions before the Board of Adjustments. The Board found that plaintiffs had acquired a vested right to complete only 70 lots of the project. The Board ruled the project could be considered in separable phases, of which the 70 lots were deemed "phase 1." The court has carefully reviewed the transcript of these hearings and holds that the Board's findings are totally at variance with the uncontradicted evidence which shows that plaintiffs had proceeded from the beginning to construct the project as a whole and had always treated it as a unit.

Plaintiffs' problem arises, however, from the fact that they did not appeal the ruling of the Board of Adjustments to the state circuit court, as provided by KRS 100.347.

Rather, plaintiffs returned to this court and pursued their quest for permanent injunctive relief on their vested right theory. At that time, the law of this Circuit was that decisions of administrative bodies, unreviewed by a court, were not *res judicata* in subsequent § 1983 actions. *Elliott v. University of Tennessee,* 766 F.2d 982 (6th Cir.1986), rev'd sub. nom. *University of Tennessee v. Elliott, supra.*

The Supreme Court of the United States, however, reversed *Elliott* and adopted a contrary view. After the Supreme Court decision, defendants moved for summary judgment in this action on the basis of the *res judicata* effect of the decision of the Board of Adjustments.

ANALYSIS

## Vested Right

■ It is clear under Kentucky law that once the plaintiffs had expended substantial sums in furtherance of their mobile home park project prior to the enactment of the zoning ordinance they acquired a property right, vested under Kentucky law, to complete the project as planned. The earliest case recognizing such a right is *Darlington v. Board of Councilmen of the City of Frankfort*, 282 Ky. 778, 140 S.W.2d 392 (1940). In that case the plaintiff landowner had done some rather minor excavating toward converting a residence into a florist shop before the enactment of a zoning ordinance. Kentucky's highest court held that she had the right to complete the construction and operate the shop, although an emergency zoning ordinance freezing construction had been passed in the interim. The court enunciated its holding quite clearly:

"It would seem, therefore, that the right to utilize one's property for the conduct of a lawful business not inimicable to the health, safety, or morals of the community, becomes entitled to constitutional protection against otherwise valid legislative restrictions as to locality, or, in other words becomes 'vested' within the full meaning of that term, when, prior to the enactment of such restrictions, the owner has in good faith substantially entered upon the performance of the series of acts necessary to the accomplishment of the end intended."

140 S.W.2d at 396.

*Darlington* has been reaffirmed many times by the Kentucky appellate courts. *Perkins v. Joint City-County Planning Commission*, 480 S.W.2d 166 (Ky.1972); *Hobbs v. Markey*, 398 S.W.2d 54 (Ky.1966);

*Petty v. Barrentine*, 594 S.W.2d 903 (Ky. App.1980). *Cf. Higdon v. Campbell County Fiscal Court*, 374 S.W.2d 511 (Ky.1964) (expiration of interim ordinance vested right to complete mobile home park). Clearly, the situation before the court here is within the rule espoused by these cases. The record establishes that plaintiffs began construction of their mobile home park and sales lot, which they considered as a single project.[1] It was so presented to this court at the preliminary injunction hearing and to the Board of Adjustments at its hearings. It was only as an afterthought that the Board tried to circumvent plaintiffs' vested right by adopting its "phase one" theory. The economic viability of the project depends on the revenues that it will produce as a whole. The fact that plaintiffs considered the project as a single viable unit is indicated by the fact that they secured a permit from the State Health Department for it as a unit six months before the enactment of the zoning ordinance. Under these circumstances it must be considered as one project which the plaintiffs had clearly commenced. *Perkins*, 480 S.W.2d at 167–8.

■ This property right existing under state law is protected by the Fourteenth Amendment to the Constitution of the United States. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Littlefield v. City of Afton*, 785 F.2d 596, 600 (8th Cir.1986); *Cf. McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir.1985) (citing many cases).

Deprivation of this right is a violation of plaintiffs' substantive due process rights. *Littlefield v. City of Afton*, 785 F.2d at 603–608, citing *Wilkerson v. Johnson*, 699 F.2d 325, 328 (6th Cir.1983), and numerous other cases.[2]

**1.** Defendants argue that the mobile home park was commenced in violation of local subdivision regulations. In *Higdon v. Campbell County Fiscal Court*, 374 S.W.2d 511 (Ky.1964), the highest Court of Kentucky held that a mobile home park was not covered by the definition of a subdivision, inasmuch as there was a separate definition of "mobile home park" in KRS Chapter 219. The present statute is KRS 219.320(5).

In any event, defendants have abandoned this argument by recognizing the vested right as existing in "phase 1" of the park.

**2.** It should be noted that plaintiffs do not claim deprivation of procedural due process. Therefore, they need not plead and prove inadequacy of state remedies. *Littlefield v. City of Afton*, 785 F.2d at 607–608. *Cf. National Communica-*

There is no doubt that the plaintiffs are entitled to summary judgment,[3] unless the unappealed decision of the Board of Adjustments is *res judicata.* We will now turn to that issue.

## Res Judicata

■ As has been stated, late in its 1985–86 term the Supreme Court of the United States decided the case of *University of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). There, the Court held that an unappealed decision of a state administrative agency, acting in a judicial capacity and employing fair procedures, was entitled to the same *res judicata* effect in § 1983 actions as it would have under state law. There is no doubt the Board of Adjustments here was acting in a judicial capacity in reviewing the cease and desist order issued by the zoning enforcement official. Any defects in the procedures employed were waived by the plaintiffs by participating in the hearings without objection. The question is: what claim or issue preclusive effect would such a decision of a board of adjustments have under Kentucky law?

This court recently had occasion to discuss the *res judicata* effect of the decisions of administrative agencies under Kentucky law. *Barnes v. McDowell,* 647 F.Supp. 1307 (E.D.Ky.1986). There, we pointed out that the general rule in Kentucky is to give broad scope to the preclusive effect of administrative decisions. The reader is referred to that opinion for an extensive discussion.

However, the preclusive effect given to the decisions of boards of adjustments is more limited under Kentucky law than that given to those of other agencies. The decision of the Supreme Court of Kentucky in *Greater Cincinnati Marine Service, Inc. v. City of Ludlow,* 602 S.W.2d 427 (Ky. 1980), commands that conclusion, although the opinion is not free of ambiguity. There, a landowner attempted to take an appeal to the state court from a decision of a board of adjustments which had denied a conditional use permit. The appeal was a nullity because of the landowner's failure to make the local planning commission a party. The complaint also contained counts raising constitutional and other legal questions. The court held that the failure properly to perfect an appeal of these issues did not bar the landowner from raising them in the action. Thus a collateral attack was permitted on the decision of the board of adjustments concerning certain issues of law, on the ground that the complaint "was far more than an appeal" from the decision of the board. 602 S.W.2d at 429.

The decision will bear no other construction but that the decisions of boards of adjustments are not *res judicata* as to issues of law in Kentucky. This is the ineluctable inference from the court's permitting a collateral attack to be made on

*tion Systems, Inc. v. Michigan Public Service Commission,* 789 F.2d 370 (6th Cir.1986), and cases therein cited; *Wilson v. Beebe,* 770 F.2d 578 (6th Cir.1985). *Four Seasons Apartment v. City of Mayfield Heights,* 775 F.2d 150 (6th Cir. 1985), is not to the contrary because in that decision the plaintiffs asserted a procedural due process claim. Here, the claim is based on substantive due process. Plaintiffs' theory is that the zoning authorities may not deprive them of the right to complete their project as planned no matter what procedures are employed.

**3.** Defendants argue that plaintiffs are required to pursue their remedies before the zoning authorities to determine what use of the tract will be allowed. They rely on *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d

126 (1985). This reliance is misplaced, however, because that case involved a claim of a taking without just compensation as a result of overstringent zoning. Plaintiffs here assert no claim under the just compensation clause that they have been deprived of all viable economic use of their property. They claim they began *this* project and have a constitutional vested right to complete it, which claim this court here holds to be meritorious. Therefore, *Williamson County,* and similar cases, are not applicable. *Cf. McDonald Sommer & Yates v. Yolo County,* —— U.S. ——, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986). For the same reason the guidelines for the kind of substantive due process review set forth by this court in *Stratford v. State-House, Inc.,* 542 F.Supp. 1008 (E.D.Ky.1982), are not applicable.

the board's decision as to such issues. This view is in accord with those decisions that recognize that there is less need for affording preclusive effect to the decisions of administrative agencies on issues of law. *See Barnes v. McDowell, supra,* 647 F.Supp. 1307, n. 5.

Boards of adjustments are typically composed of laymen who meet at infrequent intervals to decide such matters as the granting of variances from lot size and side yard restrictions. Although they may have the advice of counsel, they have had less opportunity to gain expertise to pass on complex issues of law than a state agency such as the Kentucky Personnel Board, which was involved in *Barnes, supra.* Also, they may be subject to local pressures. Such considerations as these may have been the unarticulated reason for the decision of the Supreme Court of Kentucky in *Greater Cincinnati Marine Service, supra. Cf. Polk v. Yellow Freight System, Inc.,* 801 F.2d 190 (6th Cir.1986) (unemployment insurance decision not binding on some matters).

Therefore, the court concludes that the unappealed decision of the Board of Adjustments of Anderson County has no *res judicata* effect in this case.

## CONCLUSION

From the above analysis it may be seen that there are no genuine issues of material fact and that plaintiffs are entitled to summary judgment as a matter of law. They began construction of their mobile home park and sales lot project well in advance of the passage of the zoning ordinance. Under the authorities cited in this opinion they acquired a vested right to complete this project. The adverse decision of the Board of Adjustments regarding this constitutional right is not *res judicata* as to further review by this court under Kentucky law. Therefore, plaintiffs are entitled to summary judgment affording them declaratory and injunctive relief

with respect to their right to complete their project without further interference from the Anderson County authorities. Issues of damages remain pending.[4]

**4.** The court has previously dismissed the individual defendants on their defense of qualified immunity. Due to the complexity of the issues discussed herein, the court concluded that it could not be said that reasonably well informed officials in these defendants' situation should have known they were violating plaintiffs' clearly established constitutional rights. *See Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).