Sundra ECK, Appellant,

v.

Jack ECK, Appellee.

No. 89–CA–1629–S.

Court of Appeals of Kentucky.

Aug. 10, 1990.

James Albert Kidney, Newport, for appellant.

John R. Elfers, Covington, for appellee.

Before CLAYTON, HAYES and REYNOLDS, JJ.

CLAYTON, Judge:

This appeal arises from a decree of annulment granted Jack by the Campbell Circuit Court. Sundra has appealed challenging the findings and conclusions of the master commissioner, which are the bases for the trial court's judgment. We have reviewed the record and the law, and affirm.

The facts we note herein were gleaned from the master commissioner's findings. The hearing before the commissioner was not transcribed. The parties were married on December 6, 1986. They were separated on June 9, 1987. The genesis of the marriage was Sundra's pregnancy, concerning which both Sundra and her sister told Jack in October 1986 that he was the father. Sundra did not concede that Jack was not the father until after the trial court ordered her to submit to blood tests.

As a result, Jack did not know he was not the father until February 1988. It was also found that the only reason Sundra claimed Jack was the father was because he was a man of some means. Jack, in fact, expended considerable sums relative to the birth of the child and to support Sundra. Based upon the facts summarized above, the master commissioner concluded Sundra procured the marriage by coercion and fraud. He, therefore, recommended an annulment. The trial court confirmed the commissioner's findings and conclusions, and entered judgment accordingly.

The hearing before the master commissioner was not transcribed. As a result, we must assume that the evidence supported the findings made as to any factual disputes. *Reichle v. Reichle*, Ky., 719 S.W.2d 442, 444–45 (1986); *see also Greater Cincinnati Marine Service, Inc., v. City of Ludlow*, Ky., 602 S.W.2d 427, 429 (1980), which holds a commissioner's findings are entitled to the same weight as that of the trial court to the extent they are adopted by the trial court. We note that the pleadings support the judgment.

The judgment is correct as a matter of law based upon the facts found. A marriage procured by fraud may be declared invalid. KRS 402.030; KRS 403.120; *see also Parks v. Parks*, Ky., 418 S.W.2d 726, 728 (1967). The facts found support the allegation that Sundra fraudulently obtained the marriage. As a result, the judgment invalidating the marriage was proper.

For the reasons set forth above, we affirm the order of the Campbell Circuit Court granting a decree of annulment.

All concur.