RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0739-MR

ANN RAMSER; MARTINA
KUNNECKE; AND NEIGHBORHOOD
PLANNING AND PRESERVATION,
INC.                                                                                      APPELLANTS


                              APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE ANN BAILEY SMITH, JUDGE
                              ACTION NO. 19-CI-008078


CATHOLIC CHARITIES OF
LOUISVILLE, INC.;
LOUISVILLE/JEFFERSON COUNTY
GOVERNMENT (WHICH INCLUDES
ITS LEGISLATIVE COUNCIL);
LOUISVILLE/JEFFERSON COUNTY
METRO HISTORIC LANDMARKS
AND PRESERVATION DISTRICTS
COMMISSION; AND ROMAN
CATHOLIC BISHOP OF LOUISVILLE                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND MCNEILL, JUDGES.

ACREE, JUDGE:  Ann Ramser, Martina Kunnecke, and Neighborhood Planning and Preservation, Inc. (Appellants), appeal the Jefferson Circuit Court's April 20, 2020 opinion and order dismissing their petition for declaratory judgment and appeal from the final decision of the Louisville Metro Legislative Council (Metro Council).  Appellants contend the circuit court erred by dismissing their appeal for failure to name the Metro Council as required under LMCO[1] § 32.263 and denying their petition for declaratory judgment.  Finding no error, we affirm.

## BACKGROUND

This case concerns the plans to demolish the Holy Name Convent, gym, and school in furtherance of a design proposal to create a parking lot and headquarters for Catholic Charities of Louisville, Inc. (Catholic Charities).  Catholic Charities currently operates from an old convent building at that location.  The Holy Name Convent dates from 1890 and Appellees contend it has significant historical, aesthetic, architectural, religious, and cultural significance to the community.  Because the building is more than fifty years old, the application for demolition triggered a waiting period and sent notice to neighbors and historic preservation groups.  Upon receiving such notice, Appellants circulated a petition and obtained enough signatures to oppose the redevelopment; however, it did not contain signatures from residents in the same zip code as the Holy Name Convent.

---

[1] Louisville Metro Code of Ordinances.

Regardless, this matter moved to the Louisville/Jefferson County Metro Historic Landmarks and Preservation Districts Commission (Commission) for a hearing.

At the Commission hearing, multiple Holy Name Convent parishioners testified and asked the Commission to allow the plans to proceed. Nevertheless, the Commission voted to designate four of the Holy Name Convent buildings as landmarks, thwarting the redevelopment plans. Unsatisfied with the result, the Appellees appealed the matter to the Metro Council. There, the Planning and Zoning Committee of Metro Council unanimously overturned the Commission's designation of the Holy Name Convent as a landmark.

After the Metro Council's decision, the Appellants filed a verified complaint, petition for judicial review, declaratory judgment, injunctive relief, and notice of appeal in the circuit court. Appellants filed the appeal under LMCO § 32.263, stating the Appellees actions were illegal, improper, arbitrary, capricious, void, and violated the Kentucky Constitution.

The circuit court did not review the decision on its merits. Instead, it found Appellants failed to strictly comply with LMCO § 32.263 by failing to name Metro Council in its complaint. The circuit court ruled that, because of this deficiency, it lacked jurisdiction to hear the administrative appeal and dismissed the case with prejudice. It also dismissed Appellants' claim for a declaration of

rights because it "involves rights that are encompassed in the appeal and the action, when judged on its terms, is no more than an appeal of the Council's decision."

Appeal to this Court followed.

## STANDARD OF REVIEW

Because the issues presented require statutory interpretation, our review is subject to the *de novo* standard. *Commonwealth v. Garnett*, 8 S.W.3d 573, 575 (Ky. App. 1999).

## ANALYSIS

The Appellants argue the circuit court erred by dismissing their appeal for failing to name the Metro Council in its compliant as required by LMCO § 32.263. According to Appellants, the dismissal was error because no statute governs the appeal of a landmark designation—only an ordinance. Although there is no statute on point, we disagree with Appellants and hold the ordinance controls.

Appeal to the courts from actions of administrative agencies is not a matter of right. "When grace to appeal is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978); *see also Taylor v. Duke*, 896 S.W.2d 618 (Ky. App. 1995); *Kentucky Unemployment Ins. Comm'n v. Providian Agency Group, Inc.*, 981 S.W.2d 138 (Ky. App. 1998). Appellants ask that this Court undermine the

-4-

city ordinance because our case law only references the "statute" and not "ordinances."  We are not persuaded.

The differences between a statute and an ordinance are minor. According to Black's Law Dictionary, a statute is "[a] law enacted by a legislative body; specif[ically], legislation enacted by *any* lawmaking body, such as a legislature, administrative board, or *municipal court*."[2] (Emphases added.) Furthermore, an ordinance, is defined as "[a]n authoritative law or decree; specif[ically], a municipal regulation, esp[ecially] one that forbids or restricts an activity.  Municipal governments can pass ordinances on matters that the state government allows to be regulated at the local level.  *A municipal ordinance carries the state's authority and has the same effect within the municipality's limits as a state statute*."[3] (Emphasis added.)  Logically, and as a matter of law, these definitions lead us to certain understandings:  when a statute and an ordinance conflict, a statute controls; otherwise, if a statute does not speak, an ordinance will control, if constitutional.  Here, the parties concede there is no relevant statute. Therefore, LMCO § 32.263 must control.

LMCO § 32.263(C) provides in relevant part,

---

[2] *Statute*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[3] *Ordinance*, BLACK'S LAW DICTIONARY (11th ed. 2019).

An appeal from the Council shall be taken by any person or entity claiming to be injured or aggrieved by the final action of the Council to the Jefferson Circuit Court within 30 days of the Council's final action, . . . and any appeal shall be taken within 30 days of that 120th day. *The property owner, applicant, Commission and the Council shall be named as parties to the appeal.*

*Id.* (emphasis added). Our courts have a long history of affirming circuit courts that dismiss cases seeking relief from administrative agency action for failing to strictly comply with the authorizing law. *Flood*, 581 S.W.2d at 2; *Taylor*, 896 S.W.2d at 618; *Kentucky Unemployment Ins. Comm'n*, 981 S.W.2d at 138; *Alcorp, Inc. v. Barton*, No. 2002-CA-1806-MR, 2003 WL 22064248, at *1 (Ky. App. Sept. 5, 2003); *Richerson v. Cahoe*, No. 2019-CA-0176-MR, 2020 WL 4500429, at *8 (Ky. App. Jul. 10, 2020). The authority Appellants cite does not persuade us that we should depart from that jurisprudence. They give us no reason why we should not affirm the circuit court's decision to dismiss the appeal for failure to name a party in compliance with the ordinance.

Appellants also argue their petition for declaratory judgment should stand alone, separate and apart from the appeal, under *Greater Cincinnati Marine Service, Inc. v. City of Ludlow*, 602 S.W.2d 427 (Ky. 1980). We disagree.

*Greater Cincinnati Marine Service* makes clear under such circumstances as these that our courts will not exalt form over substance. If a complaint is simply an appeal from a decision of an administrative body, the

failure to join a necessary party is fatal. *Id.* at 428. However, if the complaint stands on its own, based on averments entirely independent of an administrative body's act, it may proceed. *Id.* at 428-29. Here, the Appellant's complaint cannot stand alone; they are aggrieved by an act of the Metro Council. That grievance is the subject of the declaration of rights action and it is intertwined with the underlying designation of a landmark and which version of the ordinance the Council should have considered. Therefore, the circuit court was correct in dismissing the petition for declaratory judgment because it was based on the same operative facts as the administrative appeal.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the Jefferson Circuit Court's April 20, 2020 opinion and order.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

T. Scott Abell
Louisville, Kentucky

BRIEF FOR APPELLEES
CATHOLIC CHARITIES OF
LOUISVILLE, INC. AND ROMAN
CATHOLIC BISHOP OF
LOUISVILLE:

Donald J. Kelly
Jordan M. White
Louisville, Kentucky


BRIEF FOR APPELLEES
LOUISVILLE/JEFFERSON
COUNTY METRO HISTORIC
LANDMARKS AND
PRESERVATION DISTRICTS
COMMISSION AND
LOUISVIILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Laura M. Ferguson
Louisville, Kentucky